**Florence ZINMAN, et al., Plaintiffs,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

**No. C 90–20674 JW.**

United States District Court, N.D. California.

Sept. 24, 1993.

---

Andrea Newmark, U.S. Dept. of Justice, Federal Programs Branch, Civil Div., Washington, DC, William F. Murphy, Asst. U.S. Atty., San Jose, CA, for defendant Donna Shalala.

Lenore Gerard, San Francisco, CA, for Legal Assistance to The Elderly, Inc.

Bess Brewer, Los Angeles, CA, for Nat. Senior Citizens' Law Center.

Ellen Pirie, Santa Cruz, CA, for Senior Citizens' Legal Services.

*CLASS ACTION*

ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT; ORDER DENYING DEFENDANT'S MOTION TO STRIKE

WARE, District Judge.

This matter comes before the Court on the parties' cross-motions for summary judgment and Defendant's motion to strike portions of Plaintiffs' summary judgment motion. The motions came on for hearing on July 9, 1993. Good Cause Appearing therefor, Defendant's motion to strike is DENIED. Plaintiffs' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiffs are Medicare beneficiaries who challenge provisions of the Medicare Secondary Payer ("MSP") recovery plan. The class is comprised of Medicare beneficiaries who were injured in accidents in which Medicare paid for medical expenses for which it was later determined that private insurance policies were obligated to pay. Under the MSP program Medicare is secondarily liable in instances in which a tortfeasor's insurance covers the accident related expenses. 42 U.S.C. § 1395y(b). Pursuant to the MSP statute, Medicare is only secondarily liable for payment to medical providers. However, in order to prevent the withholding of services or items by medical providers, Medicare usually pays first and then seeks reimbursement from the insurer once liability has been determined.

The Health Care Financing Administration ("HCFA") is the department within Health and Human Services ("HHS") which has responsibility for the MSP program. The Medicare program, including the MSP program is carried out through approximately 80 private contractors which pay and process Medicare claims. Def's.Stmt. of Facts, ¶ 1. The contractors maintain their own procedures and "exercise substantial discretion" subject to instruction and guidance from the HCFA on applicable statutes, regulations and policies. *Id.* at 2. Under the terms of their contracts with HCFA, the HCFA's instruction manuals are binding on the contractors. *Id.*

In the instant action, Plaintiff class members are Medicare beneficiaries who reached settlements with insurers after Medicare made payments to the health care providers. Medicare subsequently attempted to obtain

reimbursement from the beneficiaries. The class includes beneficiaries who sought waiver of the reimbursement and individuals who appealed a denial of waiver. Some class members may still be within the MSP program. The parties agree that the Court's ruling on the summary judgment motions will dispose of the action.

Plaintiffs challenge the MSP statute and the Secretary's policies and claim: (1) Medicare must proportionately reduce its reimbursement demand when the beneficiary's settlement award does not fully cover medical expenses; (2) the notices of the MSP recovery claims should be sent directly to beneficiaries and not to personal injury attorneys retained to represent the beneficiaries in tort actions arising out of the accidents; (3) Defendant does not provide adequate notice of beneficiaries' rights to seek waiver of recovery and appeal denial of waiver requests; (4) the Secretary has failed to establish standards for making waiver determinations; and (5) language used in notices to personal injury attorneys asserting that attorneys may have financial liability for the MSP claims creates a conflict between the attorneys and their clients, the beneficiaries.

Defendant moves for summary judgment on all of Plaintiffs' claims and argues: (1) the Medicare statute mandates that the MSP program seek full reimbursement for payments made for which Medicare does not have primary liability; (2) notice to personal injury attorneys meets Due Process standards; (3) the Secretary has taken steps to solve any inadequacies in notices sent to beneficiaries regarding MSP claims and rights to seek waivers and appeal denial of waiver requests; (4) the Secretary has established regulations regarding evaluation of waiver requests; and (5) there is no violation of the Medicare statute by the regulation's provision that Medicare may recover MSP conditional payments from "any entity."

### DEFENDANT'S MOTION TO STRIKE

Defendant has moved to strike portions of Plaintiffs' instant motion on the grounds that it improperly briefs issues outside the scope of the existing complaint. The Court concludes that allegations regarding false, inaccurate information in notices is within the scope of the allegations in the initial complaint. The Court is unpersuaded that Defendant needs further discovery on use of the term "lien" in the notices to describe Medicare's recovery claim; this is an issue of law on which the Court is prepared to rule.

Nor are the other portions of Defendant's motion more compelling. The process by which the HCFA determined waiver requests was a subject of discovery. Thus, Plaintiffs' challenge to the absence of guidelines are properly the subject of the instant summary judgment motion and Defendant's motion to strike is DENIED.

### DISCUSSION

#### Legal Standard

■ Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue is one on which a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The substantive law determines what is a material fact. *Id.* at 248, 106 S.Ct. at 2510.

■ The Court views the evidence presented in the light most favorable to the party opposing the motion and draws all reasonable inferences in the opposing party's favor. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.1987).

#### Medicare's Right to Reimbursement

Plaintiffs maintain that the MSP statute provides for recovery of payment based on actual payment for an item or service. Pls.' P & A at 3; 42 U.S.C. § 1395y(b)(1), (2). The Plaintiffs contend that pursuant to the statutory provisions, Medicare may only recover from settlements paid to Medicare ben-

eficiaries to the extent that the settlements actually covered the "item or service" for which Medicare made payment.

Defendant argues in her motion for summary judgment that Medicare is mandated to recover 100% of its expenditures for items and services for which other insurance is responsible to pay primary. Defendant contends that the statute mandates recovery for all payments made under the Medicare Secondary Payer program regardless of whether the settlement award fully compensates or covers costs for the service or item for which Medicare paid. Def.'s Mem.Supp.Summ.J. at 12. 42 U.S.C. §§ 1395y(b)(2)(A)(ii); 1395y(b)(2)(B).

The statutory provisions provide in pertinent part:

(A) **In general.** Payment under this subchapter may not be made, except as provided in subparagraph (B), with respect to any item or service to the extent that—

(i) payment has been made, or can reasonably be expected to be made, with respect to the item or service as required under paragraph (1), or

(ii) payment has been made or can reasonably be expected to be made promptly (as determined in accordance with regulations) under a ... plan of the United States or a State or under an automobile or liability insurance policy or plan (including a self-insured plan) or under no fault insurance.

42 U.S.C. § 1395y(b)(2)(A)

(B) **Conditional payment.**

(i) **Primary Plans.** Any payment under this subchapter with respect to any item or service to which subparagraph (A) applies shall be conditioned on reimbursement to the appropriate Trust Fund established by this subchapter when notice or other information is received that payment for such item or service has been or could be made under such subparagraph.

(ii) **Action by United States.** In order to recover payment under this subchapter for such an item or service, the United States may bring an action against any entity which is required or responsible under this subsection to pay with respect to

such item or service (or any portion thereof) under a primary plan (and may, in accordance with paragraph (3)(A) collect double damages against that entity), or against any other entity (including any physician or provider) that has received payment from that entity with respect to the item or service, and may join or intervene in any action related to the events that gave rise to the need for the item or service.

(iii) **Subrogation rights.** The United States shall be subrogated (to the extent of payment made under this subchapter for such an item or service) to any right under this subsection of an individual or any other entity to payment with respect to such item or service under a primary plan.

(iv) **Waiver of rights.** The Secretary may waive (in whole or in part) the provisions of this subparagraph in the case of an individual claim if the Secretary determines that the waiver is in the best interests of the program established under this subchapter.

42 U.S.C. § 1395y(b)(2)(B)

In the instant case, Plaintiffs received the settlement awards which are not identified as being for medical expenses, pain and suffering or other types of losses. Defendant contends that it is impossible to assess actual value of such alleged damage items as pain and suffering short of full blown trial. Plaintiff contends that there are accepted formulas for calculating the percentage of damages which should be attributed to medical expenses, pain and suffering, etc. Thus, the fact that settlement awards may not be labeled should not preclude Medicare from proportionately reducing its recovery demand. As both parties note, when a judgment is entered or an arbitration award determined and amounts are identified as being for medical expenses and/or pain and suffering, Medicare seeks reimbursement only from that portion of the judgment/award identified as for medical expenses.

The Medicare Act was intended to insure availability of adequate medical care to the aged. 1 U.S.Code Cong. & Admin.News, (1965) p. 1964. Plaintiffs assert that not apportioning the MSP recovery demand con-

tradicts the traditional principle of construing the Medicare statute broadly to effectuate its purpose. *Hirsch v. Bowen,* 655 F.Supp. 342, 344 (S.D.N.Y.1987). Moreover, Plaintiffs argue that the interests of the Secretary in minimizing costs should not be allowed to frustrate that purpose by ignoring equity concerns. *See, Sowell v. Richardson,* 319 F.Supp. 689, 691 (D.S.C.1970).

■ While the court is sympathetic with Plaintiffs' concerns the evident purpose of the Medicare Secondary Payer provisions is to make Medicare's liability in certain instances secondary and thus to reduce the costs of the Medicare program. *See, Blue Cross and Blue Shield Ass'n v. Sullivan,* 794 F.Supp. 1166, 1168–70 & n. 4 (D.D.C.1992); *and see Colonial Penn Ins. v. Heckler,* 721 F.2d 431, 440 n. 4 (3rd Cir.1983) (citing legislative history, 1980 U.S.Code Cong. & Admin.News at 5717, 5752).

■ As Defendant notes, the subsequent revisions broadened Medicare's recovery rights by establishing that the United States has an independent right of recovery[1] as well as subrogation rights[2]. Although the statute provides that recovery may be waived, nowhere does the statute indicate that Medicare may not recover the full amount it has conditionally paid for any item or service. Indeed the overriding concern of the program is to protect Medicare assets by clearly making Medicare the secondary payer.

Plaintiffs have failed to show that the Secretary's recovery formula and procedure is violative of the Medicare statute and their motion fails. The Court DENIES Plaintiffs' motion for summary judgment on this claim and GRANTS Defendant's motion for summary judgment on this claim.

### Notice of MSP Claims and Waiver and Appeal Rights

In their Complaint, Plaintiffs made two distinct but related challenges to the adequacy of notice of MSP recovery claims. In Count II Plaintiffs challenged the adequacy of providing notice only to beneficiaries' attorneys and not directly to beneficiaries. In Count III they challenged the failure of the notices to include information on waiver and appeal rights. In their present motion Plaintiffs include allegations that not only do notices sent only to personal injury attorneys fail to apprise beneficiaries directly of waiver and appeal rights but that one in three contractors' notices falsely characterize the claims as "liens" and at least five contractors use letters which threaten attorneys with personal liability if Medicare does not receive reimbursement.[3]

Plaintiffs maintain that sending notice to a beneficiary's personal injury attorney violates the beneficiary's due process right to have notice of the impending action. Plaintiffs also contend that the notices are substantially defective in that they contain false and potentially threatening information while failing to provide adequate information on waiver and appeal rights. Plaintiffs seek to have a uniform notice sent directly to Medicare beneficiaries.

■ Due process safeguards are applicable to Medicare benefits, *Gray Panthers v. Schweiker,* 652 F.2d 146, 152 n. 15, 158, 167–72 (D.C.Cir.1980), and Plaintiffs' due process rights must be evaluated under the *Mathews v. Eldridge* balancing test.[4] *Kraemer v. Heckler,* 737 F.2d 214, 221 (2nd Cir.1984) (applying *Mathews* analysis to due process challenge to Medicare reimbursement procedures). The factors considered in this analysis are: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the fiscal and administrative burdens that additional or substitute procedural requirements would entail. *Id.* at 222 (citing *Mathews v. Eldridge,* 424 U.S. at 335, 96 S.Ct. at 903).

---

1. 42 U.S.C. § 1395y(b)(2)(B)(ii).

2. 42 U.S.C. § 1395y(b)(2)(B)(iii).

3. Plaintiffs submit as one example a notice from BCBS Pennsylvania which provides that Medi-

care may take direct litigative action against attorneys.

4. 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The first prong of *Mathews v. Eldridge* is met. Courts have previously recognized that a beneficiary's interest in receiving Medicare benefits constitutes an interest requiring due process before the government can deny such benefits. *Gray Panthers*, 652 F.2d at 152 n. 15, 158, 167–72. Beneficiaries have a serious interest in being informed of changes in Medicare coverage. *See, David v. Heckler*, 591 F.Supp. 1033 (E.D.N.Y.1984). They rely heavily on Medicare coverage, and as noted, the intent of the Medicare was to provide health care for the elderly.

Here, Plaintiffs contend that they are deprived of funds needed to cover expenses and damages arising from accidents. They maintain that Medicare reimbursement deprives them of funds needed not only for future medical care but for other ordinary needs. Thus, they seek adequate information on their rights under Medicare to seek waiver of recovery and to appeal denial of waiver requests. As to claims II and III, Plaintiffs have demonstrated that MSP recovery significantly affects beneficiaries' private interests.

The remaining Mathews factors are reviewed separately under Claim II, notice to attorneys, and Claim III, notice of waiver and appeal rights.

### Notice to Attorneys Only

■ Defendant contends that notice to personal injury attorneys of MSP claims is sufficient in that a party is deemed to have notice of facts which can be charged upon the attorney. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Defendant also cites Fed.R.Civ.P. 5(b) which provides that service shall be made upon a party's attorney.

Defendant's reliance on *Irwin* is misplaced. In that case the EEOC sent a right-to-sue letter to both the claimant and his retained counsel notifying him of the agency's decision and advising him that he had 30 days in which to file a Title VII suit in federal district court. The Supreme Court held that the 30 day period began to run on the date the right-to-sue letter was delivered to the offices of formally designated counsel or to the claimant. *Irwin*, 498 U.S. at 91, 111 S.Ct. at 455. The EEOC is apparently statutorily required to send notice to both claim-

ants and their attorneys. Thus, the question of adequate notice served only upon counsel was not at issue.

Considerations under the second *Mathews* factor, the risk of erroneous deprivation and value of additional procedural safeguards, also support the conclusion that mandating notice be provided directly to beneficiaries is proper. Sending notice to attorneys rather than to beneficiaries puts the attorney in a decisionmaking role that is not appropriate. The unilateral action by the Secretary offends notions of dignity to be accorded Medicare beneficiaries. It is the beneficiary who retains the interest in his or her Medicare coverage and rights thereto. Notifying only the attorney may deprive the beneficiary of the opportunity to make a decision as to what course of action to take. Indeed, the beneficiary may determine that the personal injury attorney will not represent him or her in Medicare proceedings.

The Secretary has not demonstrated that it would impose a substantial burden on the government to notify beneficiaries directly. Rather, Defendant maintains that notice to attorneys is sufficient in that it is reasonably calculated to provide adequate notice of impending action and afford an opportunity for the beneficiary to present objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The argument fails.

The *Mullane* case involved due process problems arising when an action potentially affected persons whose addresses and/or names are unknown and is thus distinguished from the instant situation. *See, David v. Heckler*, 591 F.Supp. 1033, 1042 (E.D.N.Y. 1984). Here, those affected by the impending action have been identified: Prior to communicating the MSP recovery demand, Medicare has already paid medical expenses on behalf of the beneficiary. And as the Secretary noted, when the beneficiary lacks an attorney, notice is sent directly to the beneficiary. Moreover, when Medicare learns of the liability situation from personal injury attorneys representing beneficiaries, Medicare is invariably informed of at least the beneficiaries' name if not further infor-

mation. Thus, the contractors have information identifying beneficiaries. The Court concludes that the third prong of the *Mathews* test is met.

**Lack of Notice of Waiver and Appeal Rights**

Plaintiffs maintain that the beneficiaries' are given inadequate notice of and information regarding their rights to request waivers and appeal waiver denials. Because of the lack of information, beneficiaries and their attorneys will forego challenging recovery demands. In the instant case, one of the named Plaintiffs was unaware of defenses to MSP recovery until she was able to contact an attorney experienced in legal aid to the elderly and Medicare.

Plaintiffs have submitted as exhibits other notices which were also formerly used by contractors. These notices did not include information on waiver and/or appeal rights, or only provided such information after an assertion of hardship. *See*, e.g., Pls.' Exh. 6. Some contractors apparently provided no information if the beneficiary was represented by counsel and a number of contractors characterized the MSP demand as a lien and in fact continue to so describe Medicare's claim.

Plaintiffs maintain that problems remain in the current notices. *See*, Exh. 1 to Def's.Mot.Summ.J. They contend that the notices lack any explanation concerning waiver and appeal rights, although the notices do refer to "enclosures" which Plaintiffs suggest may be fact sheets on waiver and appeal rights. However, the enclosures were apparently not included with a number of exhibits. Plaintiffs also note that several current notices do not provide information until the conclusion of the settlement process while the information is most useful at the initial phases of the negotiations. They maintain that failing to provide information at the early stages of negotiation denies beneficiaries notice at a meaningful time. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). Finally, the current notices continue to characterize Medicare's interest as a lien.

Defendant acknowledges that there were deficiencies in the provision of information on waiver and appeal rights in the past. However, she contends that any deficiencies have been alleviated and she notes that HCFA instruction manuals direct contractors to provide beneficiaries with notice of their rights. MCM 7120.5I,J; 7120.6H,I; MIM 3711.5, 3711.6F,G. In Defendant's Exhibits 32 through 37, the Secretary acknowledges that appeal rights were not formally given but that disputes were resolved informally and "invariably in favor of beneficiaries." Orally conveying information on waiver and appeal to beneficiaries in attempts to informally resolve disputes is not sufficient to insure that beneficiaries are not erroneously deprived of their rights under the statute.

Defendant argues that not all of the letters submitted by Plaintiffs were actually sent by contractors. The Secretary provides copies of letters that do include information on waiver requests. However, the fact that some contractors supply adequate information to beneficiaries does not solve the problem of inadequate notice arising from methods used by other contractors. Defendant's own evidence supports Plaintiffs' contention that uniform notice would ensure that all beneficiaries are provided with correct and sufficient information on their rights to seek waiver and appeal.

■ The Court concludes that uniform notice is appropriate based upon the second factor under *Mathews*. Lack of notice may result in the erroneous deprivation of the opportunity to seek a waiver and appeal a denial of waiver; conversely, utilizing a uniform notice to advise beneficiaries of their rights to request waiver of recovery and appeal a denial of the waiver request would alleviate the deficiencies which the notices used by individual contractors contain.

■ Plaintiffs specifically object to the use of the term "lien" in the MSP notices describing Medicare's recovery claims. They contend that the MSP claim is not a lien but rather an unperfected claim. As they note, a lien is a right created by statute or contract not by judicial interpretation. Plaintiffs contend that use of the word lien restricts action by attorneys in challenging, through the waiver and appeal process, Medicare's claim. This argument has merit.

The MSP statute does not state that Medicare has a lien, it articulates Medicare's right as a claim to recover from entities who, pursuant to the statute, are required to pay primary. Nor does Defendant contend that Medicare's right is a lien. The Secretary maintains that Medicare's right is superior to a lien.

In *Thomas v. Shelton,* 740 F.2d 478, 482 (7th Cir.1984), the Seventh Circuit ruled that the Medical Care Recovery Act [5] does not give the United States a claim against property but simply a cause of action against a tortfeasor. As the appellate court recognized, a lien is a claim against property. The Medical Care Recovery Act simply gave the United States a cause of action against the tortfeasor. Thus, the claim was not a lien. *Id.*

■ Similarly, the MSP statute does not give the government a claim against property. The statute states that the government may bring an action against any entity which is responsible to pay primary. 42 U.S.C. § 1395y(b)(2)(B)(ii). As the statute provides, Medicare has a cause of action for damages in the case of a primary plan which fails to provide for primary payment. 42 U.S.C. § 1395y(b)(3)(A). The statute does not give the government a claim against property. *And see, Blue Cross and Blue Shield Ass'n v. Sullivan,* 794 F.Supp. 1166, 1171 (D.D.C. 1992) (The MSP statute grants HCFA a right of action against the party required or responsible to pay.). The parties have cited no legislative history to the MSP Act which indicates that the government intended to create a lien and the Court concludes that Medicare does not have a lien interest in the settlement awards.

■ Pursuant to the statute, the beneficiary has the right to seek a waiver of this claim and thus the beneficiary has a right to notice of the MSP claim. Notice which does not adequately apprise the beneficiary of rights to waiver and appeal do not meet minimal procedural due process require-

ments. Again, the Secretary has not demonstrated that utilizing a uniform notice advising beneficiaries of their rights to seek waiver of recovery and a review of any denial would impose a financial or administrative burden. The Secretary has noted that HCFA instructions are binding on Medicare contractors and she maintains that the instructions are sufficient to insure adequate notice to beneficiaries. However, she has not shown how use of additional procedures to insure procedural safeguards would entail a burden such that the value to beneficiaries would be outweighed.

Under the *Mathews v. Eldridge* analysis, due process requires that notice of the MSP claim be sent directly to beneficiaries. Accordingly, Plaintiffs' motion is GRANTED. Defendant's motion for summary judgment that notice to a beneficiary's attorney meets due process safeguards is DENIED.

Plaintiffs' motion that the Secretary develop a uniform notice of MSP claims and beneficiaries' rights to seek waivers and appeals is GRANTED. Moreover, as Medicare does not have a "lien" on the settlement awards, the Secretary and Medicare contractors shall cease using that term to describe MSP recovery claims in communications with beneficiaries and attorneys.

## Lack Standards For Granting Waiver of MSP Recovery

### The Regulations and Waiver Procedure

■ Waiver is authorized under the MSP statute in those instances where the Secretary determines it is in the best interest of the MSP program. 42 U.S.C. § 1395y(b)(2)(B)(iv). Waiver is also authorized when the beneficiary is without fault in causing overpayment and recovery would defeat the purposes of Title II or Title XVIII of the Social Security Act or where recovery would be against equity and good conscience. 42 U.S.C. § 1395gg(c). Regulations at 42 C.F.R. §§ 405.355–56 are general Medicare overpayment regulations implementing

---

5. 42 U.S.C. § 2651(a) provides in part that in any case in which the United States is authorized or required to furnish hospital or medical care under circumstances creating a tort liability upon some third person to pay damages therefor,

the United States shall have a right to recover from said third person the reasonable value of care and treatment so furnished and shall as to this right be subrogated to any right or claim that the injured person has against such third person.

§ 1395gg(c); those regulations in turn incorporate by reference the applicable principles of waiver of recovery which are found at 20 C.F.R. §§ 404.506–404.509; 404.510a; 404.512.

Decisions to grant or deny waivers of the MSP claim are made by HCFA. When contractors are advised by beneficiaries (or beneficiaries' attorneys) that a waiver is requested, the contractors send a worksheet outlining information to be provided from the beneficiary in order for the waiver request to be assessed. There is no uniform worksheet used by the contractors. The information sought pertains to the financial status, current income and expenses of the beneficiary and a request for any other relevant information. The worksheet is returned to the contractor who then forwards it to HCFA with a recommendation to grant or deny the waiver request. The ultimate decision is made by HCFA.

■ Here, Plaintiffs challenge the Secretary's interpretation of two regulations: 20 C.F.R. § 404.509 which provides for waiver where recovery based upon considerations of equity and good conscience and 20 C.F.R. § 404.508 which provides for waiver where recovery would defeat the purpose of the Act. Plaintiffs seek the development of written guidelines for HCFA decisionmakers to use in determining eligibility for waiver of MSP recovery.

Plaintiffs contend that the Secretary's interpretation of the term "equity and good conscience" is too limited. Section 404.509 lists three factual situations in which waiver under the regulation is appropriate. Plaintiffs maintain that using those scenarios as the bases for determining when waiver is appropriate unduly restricts the availability of waivers.

In *Quinlivan v. Sullivan,* 916 F.2d 524 (9th Cir.1990), the Ninth Circuit held that Congress intended broad concepts of fairness to apply to Social Security waiver requests and that limiting equity and good conscience waivers to the situations described in 20 C.F.R. § 404.509 conflicted with that intent. The Social Security Administration has agreed that within the Ninth Circuit's territorial jurisdiction, broad concepts of fairness

will be used in Title II benefit recovery waiver requests. Plaintiffs assert that HCFA should employ this broad standard in determining MSP recovery waiver requests.

In response to Plaintiffs' allegations, Defendant maintains that HCFA currently uses a broad test of fairness and considers the totality of the circumstances when reviewing waiver requests under the equity and good conscience standard. The Secretary has submitted a 1988 memo authored by the then head of HCFA outlining procedures to be used in waiver determinations, 2/88 Guida Memo, as well as declarations and deposition testimony of current and former HCFA directors to support her contention. Fourth Thomas Decl.; Thomas Depo.; Guida Decl. She argues that further written guidelines are not necessary in that the *Quinlivan* considerations are already used in reviewing waiver requests based upon equity and good conscience.

The Secretary's argument fails. The evidence does not demonstrate that waivers under equity and good conscience are reviewed under broad concepts of fairness. The 1988 memo provides that in reaching settlements on recovery claims, decisionmakers "can" consider fairness. It says nothing about going beyond the factual situations noted in 404.509. Nor does it instruct decisionmakers to base the waiver determination on the totality of the circumstances. The deposition testimony and declarations of current and former HCFA directors does not suffice to show that decisionmakers are to utilize broad concepts of fairness in their waiver determinations. Accordingly, Plaintiffs' motion for the development of written guidelines as to waiver requests reviewed under equity and good conscience, 20 C.F.R. § 404.509, is GRANTED.

■ Plaintiffs also challenge the Secretary's interpretation of 20 C.F.R. § 404.508 which authorizes waiver when recovery would defeat the purpose of the Act. Pursuant to § 404.508(a), waiver is appropriate where recovery would "deprive a person of income required for ordinary and necessary living expenses." Plaintiffs maintain that under this standard HCFA improperly looks

only to whether current income meets or exceeds current expenses and does not properly consider future medical expenses or to determine what are the beneficiaries' needs. Plaintiffs allege that such a restrictive interpretation frustrates the remedial purpose of both Medicare and Social Security.

Plaintiffs' motion fails. They have not shown that the Secretary is not complying with the regulation or the intent of the statute. Defendant has provided reasonable explanations for the waiver denials set forth in Plaintiff's exhibits. Some of the beneficiaries' expenses were indefinite and not certain to be incurred and some will be covered by Medicare at the time they are incurred. Moreover, the Secretary has submitted notices which sufficiently apprise the beneficiary of the reason for the denial of his waiver request. Plaintiffs' motion for further written guidelines as to interpretation of this regulation is DENIED.

### Conflict of Interest Between Beneficiaries And Their Attorneys

▇▇▇ Plaintiffs contend that notices used by contractors contain language suggesting that attorneys may be liable to Medicare for unpaid MSP claims. This claim is intertwined with Plaintiffs' claim regarding improper use of the term "lien" to describe Medicare's right of recovery.

Defendant maintains that pursuant to the MSP statute and regulations set forth at 42 C.F.R. § 411.24(g) HCFA has a right to seek recovery of third party payments from attorneys. Plaintiffs do not argue that the regulation is invalid or conflicts with the MSP statute.

The Court's ruling on the improper characterization of the MSP recovery claim as a lien addresses Plaintiffs concern on this issue. Plaintiffs' allegations that contractors use ambiguous and threatening language in communications with attorneys fails to show as a matter of law that Plaintiffs are entitled to relief. Plaintiffs' motion for summary judgment on Count V is DENIED and the Secretary's motion for summary judgment on this claim is GRANTED.

### CONCLUSION

Defendant's motion for summary judgment that the MSP statute provides for full reimbursement of MSP claims is GRANTED. Plaintiffs' motion for summary judgment on this claim is DENIED.

Plaintiffs' motion for summary judgment that notice of MSP recovery claims must be provided directly to Medicare beneficiaries is GRANTED. Defendant's motion for summary judgment that notice to a beneficiary's personal injury attorney does not violate due process is DENIED.

Plaintiffs' motion for summary judgment that the current notices do not meet due process requirements is GRANTED. The Secretary shall develop uniform notices apprising beneficiaries of their right to seek waivers and appeal waiver denials. The Secretary shall instruct contractors to cease use of the term "lien" in describing Medicare's claim for MSP reimbursement.

Plaintiffs' motion that the process used to review and determine waiver requests violates the Medicare statute is GRANTED IN PART. Defendant's motion that the Secretary has established standards and that such standards are reasonable is GRANTED IN PART. The Secretary shall develop and issue written guidelines to use in reviewing whether waiver should be granted under equity and good conscience. These guidelines shall incorporate broad concepts of fairness and shall not limit waivers to the three factual situations listed in 20 C.F.R. § 404.509. See, Quinlivan v. Sullivan, 916 F.2d 524 (9th Cir.1990).

Defendant's motion for summary judgment that HCFA's procedure for reviewing waiver requests based on whether recovery would defeat the purpose of the Act or impose an economic hardship on a beneficiary does not conflict with the statute is GRANTED. The Secretary's determinations comply with statutory provisions.

Plaintiffs' motion that MSP notices create a conflict between beneficiaries and their personal injury attorneys is DENIED. The

Secretary's motion for summary judgment on this claim is GRANTED.

IT IS SO ORDERED.