GERSTEN, Judge
(dissenting).
I respectfully dissent. I find nothing improper in the trial court’s application of established contract principles which, in my view, mandate the conclusion that the mediation settlement agreement is binding and enforceable.
Settlement agreements are construed in accordance with basic contract interpretation rules and will be enforced where found to be valid. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); De Cespedes v. Bolanos, 711 So.2d 216 (Fla. 3d DCA 1998). It is well established that a clear and unambiguous contract is required to be enforced according to its plain meaning; it is improper to attempt to rewrite contract terms to relieve a party from an alleged mistake that was unilateral. See Feldman v. Kritch, 824 So.2d 274 (Fla. 4th DCA 2002); Security Ins. Co. of Hartford v. Puig, 728 So.2d 292 (Fla. 3d DCA 1999).
Here, the unambiguous settlement agreement clearly provided that Polio pay $55,000 in settlement of all Tripp’s claims. Polio’s interrogatory responses reflect that it was well aware of the fact that some of Tripp’s medical bills had been paid by Medicare. Polio protected itself by specifying in the agreement that if any liens existed, such liens would be Tripp’s responsibility, not Polio’s. As noted by the trial court in its three page order, there is no evidence of fraud in this case and the Medicare statute does not create a lien:
“First, Durie is not applicable here as it involves Medicaid, not Medicare. Regardless, the Court finds nothing illegal about the Settlement Agreement reached at mediation, or the Plaintiffs insistence upon having a check issued by the Defendant, rather than its insurance carrier.
Furthermore, this Court finds that Medicare does not have a lien on the proceeds of this settlement, but rather only a potential inchoate claim to a portion of the settlement proceeds, which is, at this time, undetermined. Zinman v. Shalala, 835 F.Supp. 1163 (N.D.Calif.1993), aff.’d 67 F.3d 841 (9th Cir.1995).
Settlements are governed by rules for the interpretation of contract. Robbie v. City of Miami 469 So.2d 1384 (Fla.1985). Furthermore, the making of a contract depends not on the agreement of two minds and one intention, but on the agreement of two sets of external signs. In other words, the contract depends not on the parties having meant the same thing but on having said the same thing. Robbie, 469 So.2d at 1385.
This Court finds that the parties to the settlement agreement ‘said the same thing.’
*1107 This Court further finds that the parties contracted for the potential risks involved with respect to potential claims by Medicare. The Plaintiff has agreed to indemnify and hold harmless the Defendant from any such claims.”
Polio sought and obtained a hold-harmless agreement from Tripp. The agreement is binding and enforceable as written. In my view, the trial court properly rejected Polio’s after-the-fact attempt to rewrite the settlement agreement terms which had clearly been agreed to by the parties. Moreover, I find no evidence in the record of any impropriety in the actions of the trial court or counsel. I would affirm the trial court’s findings and conclusions in all respects. See Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295 (Fla. 4th DCA 2002) (affirming trial court’s decision to enforce settlement agreement because the record contained competent substantial evidence to support the trial court’s findings of assent).