EVARISTE LE BOEUF and CLARA LE BOEUF, Appellants, *v.* MARINDA GARY, Individually and as Administratrix, etc., of SHEPARD S. GARY, Deceased, and Others, Defendants, Impleaded with GEORGE G. GILLETT, Respondent.

*A judgment creditor, whose judgment is a lien on the share of the plaintiff in an action for partition, and expires pending the suit, is entitled to payment from the proceeds of sale where the complaint recognizes the existence of the lien — a refusal, pending the partition suit, by the Surrogate's Court to authorize the issuing of an execution and the expiration of the lien must be set up, if at all, by supplemental complaint — the complaint speaks as of the date of the commencement of the suit.*

One Crapser was the owner of a judgment recovered August 16, 1893, which was a lien upon an undivided one-sixth interest in certain real estate conveyed by the judgment debtor to one Le Boeuf. The judgment debtor died and letters of administration were issued upon his estate March 16, 1900, and by virtue of section 1380 of the Code of Civil Procedure, the statutory lien of the judgment terminated September 15, 1903.

June 6, 1903, Le Boeuf brought an action for a partition and sale of the premises, alleging that he was the owner of an undivided one-sixth of the premises in question subject to the lien of the judgment, and asking that the proceeds of the sale be divided between the parties according to their respective interests. June 12, 1903, Le Boeuf served a supplemental and amended complaint containing substantially the same allegations and prayer for relief, and on August 1, 1903, he served another amended complaint containing substantially the same allegations and prayer for relief.

In the meantime Crapser transferred the judgment to one Gillett, and on July 14, 1903, Gillett filed a petition with the surrogate for leave to issue an execution upon said judgment. The application was continued until August 10, 1903, when the surrogate denied it on the ground that the lien of the judgment would expire before a sale could be had upon execution. August 15, 1903, Gillett obtained an order making him a party defendant in the action and served an answer alleging his ownership of the judgment.

August 19, 1903, Le Boeuf served an amended complaint alleging the transfer of the judgment to Gillett and the denial of Gillett's application to the Surrogate's Court, and claiming that his interest in the premises was free from the lien of the judgment. Gillett then served an amended answer insisting that his judgment should be paid in the partition action.

*Held,* that the plaintiff having by all the complaints served by him, with the exception of the last, recognized the owner of the judgment as one of the parties for whose benefit the action was brought, and having continued such recognition until it was too late for the owner of the judgment to resort to any other remedy to secure payment of his judgment, the plaintiff was estopped

and precluded from raising any objection to the right of the owner of the judgment to receive payment out of the proceeds of the partition sale;

That the proceedings in the Surrogate's Court and the expiration of the lien of the judgment being facts which arose after the action was brought, the plaintiff could only take advantage thereof by a supplemental complaint served by permission of the court, which he did not obtain;

That consequently the last complaint served by the plaintiff spoke as of the time of the commencement of the action and that the rights of the parties should be determined as of that time.

APPEAL by the plaintiffs, Evariste Le Boeuf and another, from portions of a judgment of the Supreme Court in favor of the defendant George G. Gillett, entered in the office of the clerk of the county of St. Lawrence on the 14th day of April, 1904, upon the decision of the court, rendered after a trial before the court without a jury at the St. Lawrence Trial Term, directing a partition and sale of real estate.

*J. P. Kellas,* for the appellants.

*Clarence S. Ferris,* for the respondent.

Judgment unanimously affirmed, with costs, on opinion written at Trial Term.

The following is the opinion of Hon. JOHN M. KELLOGG, delivered at the St. Lawrence Trial Term:

KELLOGG, J.:

The defendant Gillett, the owner of a judgment recovered August 16, 1893, against the grantor of Everiste Le Boeuf, one of the plaintiffs herein, asks that provision be made in the judgment of partition herein for the payment of said judgment, to which the plaintiffs object on the ground that the said Evariste Le Boeuf is a subsequent purchaser of the premises from the judgment debtor, and that said judgment ceased to be a lien August 15, 1903. Administration was had upon the estate of the judgment debtor March 16, 1900, and by virtue of section 1380 of the Code of Civil Procedure the statutory lien of the said judgment, which otherwise would have expired August 15, 1903,* was continued for three years and six months from the date of such administration, and terminated September 15, 1903. In partition it is optional with the plaintiff,

---

* See Code Civ. Proc. § 1251.— [REP.

under section 1540 of the Code of Civil Procedure, whether he will make a party having a lien upon an undivided share or interest in the property a defendant or not. The plaintiffs made the then owner of this judgment a party, serving upon him a verified complaint June 6, 1903, alleging the said judgment; that the plaintiffs are the owners of an undivided one-sixth of said premises, subject to the lien of said judgment, and that the premises consist of a farm which cannot be divided, but must be sold, and ask judgment for the sale of the farm and that the proceeds be divided between the respective parties according to their shares, rights and interests. At the time the summons and complaint was served the owner of the said judgment had 101 days remaining, which gave ample time to collect the judgment by execution before the lien expired. On June 12, 1903, a supplemental and amended complaint was served by the plaintiffs containing substantially the same allegations and prayer for relief, and on August first another amended complaint was served containing substantially the same allegations and prayer for relief. When this latter complaint was served there were but 45 days remaining, not giving time to obtain leave to issue execution and effect a sale under the judgment before the statutory time expired, and an execution ought not to issue against an estate for the sale of real estate unless there is sufficient time remaining before the statutory lien expires in which to make the sale. (*Darling* v. *Littlejohn*, 35 N. Y. St. Repr. 516.)

So we must conclude that at that late day, when the owner of the judgment had no legal remedy by which he could collect out of this real estate before the expiration of the lien, the plaintiffs were still recognizing that the owner of the judgment was entitled to be paid out of the proceeds of the sale. The defendant Crapser, the owner of the judgment at the time the action was brought, having transferred it to the defendant Gillett, the latter obtained from this court an order dated August 15, 1903, bringing him into the action as a defendant, and upon that date he serves an answer alleging that the judgment has been transferred by the defendant Crapser to him, and that he is the owner thereof, and asks that the same be paid to him. Thereupon the plaintiffs served an amended complaint, verified the 19th day of August, 1903, alleging said judgment and its transfer to the defendant Gillett, and that after the commence-

ment of this action, and on the tenth day of August, the said Gillett applied to the surrogate of Franklin county for leave to issue an execution, which leave was denied upon the ground that the lien of said judgment would expire on the sixteenth day of August, and that by virtue of said adjudication by said surrogate the plaintiff Evariste Le Boeuf, being a purchaser in good faith, the interest of the plaintiffs in said premises is free and clear from the lien of said judgment, to which the defendant Gillett served an amended answer insisting that said judgment should be paid in this action. It is significant that before this action was commenced the defendant Crapser had served on plaintiffs and others interested a notice of motion asking leave to issue execution upon this judgment, returnable before this court on the sixth day of June, but said motion for some reason was continued until the sixth day of July, when leave was granted. On the 14th day of July, 1903, Gillett filed a petition with the Franklin county surrogate for leave to issue an execution upon said judgment, which matter for some reason continued along until the 10th day of August, 1903, when the surrogate denied said application upon the ground that the lien of said judgment would expire before a sale could be had upon execution. The fact that this action was pending and the proceedings therein and the effect thereof do not seem to have been before or considered by the surrogate, so that decree only adjudges that upon the facts appearing before him an execution ought not to issue because a sale under it could not take place until after the statutory lien had expired. But the question here is whether, by reason of the particular circumstances existing in this action, the plaintiffs are precluded from denying that the defendant Gillett is entitled to have his judgment paid out of the proceeds of the sale in this action. With confidence the defendant cites *Caswell* v. *Kemp* (41 Hun, 434), which holds that a defendant in a partition case who holds a judgment against the ancestor of the tenants in common is entitled to have it paid out of the proceeds, even though the statutory lien expires during the pendency of the action, saying that the liens existed at the time the suit was commenced, and the interests must be determined with reference to the rights of the parties as they existed at the commencement of the action. With equal confidence the plaintiffs refer to *Nutt* v. *Cuming* (155 N. Y. 309),

where in an action of foreclosure-the owner of a subsequent judgment was made a defendant, and a decree of foreclosure and sale in the usual form was made before the statutory lien expired, but the sale did not take place till five years later and after the statutory lien had expired, and upon an application for the surplus moneys it was held that the lien having expired the judgment creditor had no claim upon the surplus moneys. The opinion seems to proceed upon the effect of rule 64 of the General Rules of Practice, which provides that any person having a lien on mortgaged premises *at the time of the sale* may apply for the surplus moneys, and also upon the theory that the owner of the mortgage was simply proceeding against the property for the payment of his debt and that the surplus arose as an incident to that proceeding, and was not such a bringing of the fund into a court of equity that the owner of the judgment could assert his rights as of the time of the commencement of the action, but must rely upon the situation as he finds it when he seeks his remedy. While a majority of the court do not refer to *Caswell* v. *Kemp* (*supra*), the opinion draws a clear distinction between that case and the one then under consideration. The dissenting opinion refers to it with confidence. There is a broad distinction with reference to such a judgment between an action of partition and an action of foreclosure, especially where the action of partition is brought by the owner of the share in the property against which the judgment is a lien. In such a case he brings all the parties interested in the property and the property itself into a court of equity to be distributed according to the legal and equitable rights and interests of the parties. And where the judgment is a lien upon only his share, it being entirely optional with him whether to bring in the judgment creditor or not, it must be that when he brings him in it is for a purpose, and when he recognizes the rights of the judgment creditor and states his interest in the premises, and asks that the property be divided according to the respective interests, he must, so far as he is concerned, be bound by his act. We can well see why a plaintiff in foreclosure who has no interest in the judgment or in the property or fund from which it must be paid, but is only proceeding to get his own, cannot determine for the other parties who have no connection with him whether an outside judgment shall be paid from the proceeds or not; but when in partition the

plaintiff, against whose share alone the judgment is a lien, at a time when proceedings are pending for leave to issue execution, the object of which is to sell his property, brings an action making the judgment creditor a party, seeking to have him paid out of the proceeds of the sale of his share only, it seems that he takes a position that he cannot recede from. It would be unjust and inequitable in this case to continue the judgment creditor in the action with a promise of payment as a result of the suit until the time arrives when he cannot enforce his debt in any other way, and then amend the complaint and leave him without remedy. It is true that when an amended pleading is properly served it supersedes and takes the place of the other pleading and becomes the pleading in the action. Nevertheless the party by his former pleading may estop himself from changing his position or course, especially where his former pleading has caused the adverse party to sleep away his rights in reliance upon it. If the original complaint or either of the amended complaints down to August first stands, the plaintiffs would be estopped from disputing or denying the right of this defendant to have the judgment paid from the proceeds of the property. It is contended, however, by the plaintiffs that in *Caswell* v. *Kemp* (*supra*) the judgment was paid out of the shares of the heirs of the judgment debtor himself, they being before the court and the court having in hand the funds which as between them and the creditor belonged to the latter irrespective of the lien of the judgment, and that such payment was made in order to prevent circuity of action, but that here the question is between a purchaser in good faith of the premises and the owner of the judgment. We do not think, however, that under the particular circumstances of this case the distinction, if it exists, can benefit the plaintiffs. Without, therefore, considering that *Caswell* v. *Kemp* applies to and controls in every action of partition, I find that in this case the plaintiffs, by the original and other complaints down to the time they served the last amended complaint, had so far brought this action for the benefit of the owner of the judgment and recognized him as a party to be benefited by the sale, and by continuing such recognition until it was too late with the utmost expedition to resort to any other remedy, that they are now estopped and concluded from raising any objection to the payment of the judgment in this action. Gillett having succeeded to the

rights of the defendant Crapser, it was unnecessary for him to be made a party defendant, as he succeeded to and occupied the position of Crapser, and the only advantage he could gain by being a defendant was to have the money paid to him instead of to Crapser. If Gillett had not been made a party, the plaintiffs' power to amend their complaint was gone, and they could only amend so far as the parties interested in this judgment are concerned by an application to the court, and it is fair to assume that no court, as a matter of discretion, would allow them to change their position in respect to this judgment after they had caused the judgment creditor to sleep away his other remedies.

But the plaintiffs seek to justify their position by the decision of the surrogate denying leave to issue the execution. In other words, after action brought, and after they admitted the rights of the judgment creditor, they claim that two facts, (1) the surrogate's decree and (2) the expiration of the ten years, deprives the judgment of force. The proper way for a plaintiff or defendant to take advantage of facts constituting a new ground of action or defense arising after action brought, is by an application to the court for leave to serve a supplemental complaint or answer. No such leave was granted in this case, and it is assumed upon the facts appearing that none would have been granted. The plaintiffs, therefore, could not change their position on account of those subsequent events, and change the action from one brought for their own and the judgment creditor's benefit to one hostile to the latter by a so-called amended complaint. The other complaints, therefore, so far as they relate to the rights of this judgment creditor, are not necessarily superseded or changed by the last complaint served. Such change could only properly be made by a supplemental complaint served by permission of the court. Otherwise, even an amended pleading only speaks as of the time of the commencement of the action and the rights of the parties are determined as of that time. (Code Civ. Proc. § 544; *Merz* v. *Interior C. & I. Co.*, 20 Misc. Rep. 378.)

The usual findings and interlocutory judgment may be prepared and served, and if not agreed upon may be settled upon five days' notice, and will direct the payment of the judgment to Gillett from the plaintiffs' one-sixth interest in said premises, together with costs to said defendant.