113 So.2d 437 (1959)
Lamar W. HOGAN, Appellant,
v.
Thomas L. NORFLEET, Appellee.
No. 1143.
District Court of Appeal of Florida. Second District.
June 26, 1959.
*438 Ella Jo Stollberg, Hollywood, for appellant.
Ellis, Spencer & Butler, Hollywood, for appellee.
MOODY, JAMES S., Associate Judge.
Appellant, plaintiff below, brought a suit for specific performance after exercising his option to purchase a franchised bottled gas business. The appellee, defendant below, filed a motion to dismiss and, upon hearing, the court dismissed the complaint, or in the alternative, granted plaintiff leave to file a suit on the law side of the court. To this order plaintiff filed interlocutory appeal.
Defendant is the owner of Norfleet Gas and Appliance, a bottled gas business based on a franchise covering a particular territory. The complaint alleges that in October, 1951, defendant induced the plaintiff to enter his business stating that he needed help in his business and planned to retire; that if the plaintiff would work for him the defendant would sell his business to the plaintiff and that in furtherance thereof, in December 1952, the parties signed a written option setting forth the price and terms under which the plaintiff could purchase said business if such option were exercised. The complaint further alleges plaintiff exercised his option in October, 1957, but that the defendant has failed and refused to transfer said business to the plaintiff; that said business is prosperous; that it is the type of business and franchise which cannot be obtained in the open market; that the plaintiff fully performed his part of the agreement, and, that defendant should be required to convey all of the assets of said business including the franchise and privileges of such business.
The sole point argued on appeal and the only point covered in this opinion is whether or not specific performance should be granted for the sale of the business as set forth in the complaint. The *439 general rule is that, although the remedy of specific performance is available to enforce contracts for the sale of realty, specific performance of contracts relating to personal property will not be enforced for the reason that ordinarily compensation for breach of contract may be had by way of an action at law for damages. Such an action would be regarded as fully adequate.
The apparent reluctance of equity to grant specific performance of contract relating to personalty does not arise from any less regard for contracts involving contracts for personalty than for those involving realty, but is simply a corollary of the principle upon which equity acts in decreeing specific performance, namely, the inadequacy of the remedy at law for damages. Contracts which relate to real property can necessarily be satisfied only by a conveyance of the particular property in question, while those which relate to personal property can generally be fully satisfied by damages which enable the injured party to obtain elsewhere in the market similar property to that which he had agreed to purchase. However, if, from the nature of the case and the property involved, an adequate remedy at law does not exist, equity will enforce the contract. Courts only weigh such contracts with greater nicety. 49 Am.Jur. 148. Yulee v. Canova, 11 Fla. 9.
Our Florida courts have held that specific performance of a contract is a matter of equitable cognizance as applied both to real and personal property, and where, in the case of personal property, it is of a peculiar character and value, specific performance will be granted. Fraser v. Cohen, 159 Fla. 253, 31 So.2d 463. Also, when the value of the property involved is uncertain or not readily ascertainable in the open market, or if the damages resulting from the breach of the contract are too uncertain or indefinite, specific performance will be granted. Damages in a law action cannot be speculative or conjectural, but must be reasonably ascertainable. Thus Florida courts have decreed specific performance of a contract granting an exclusive franchise to export bananas, a contract for the purchase of a liquor license, contracts for purchase of corporate stock of a closed or closely held corporation, and for the purchase of a restaurant. Fraser v. Cohen, supra; House v. Cotton, Fla., 52 So.2d 340; Baruch v. W.B. Haggerty, Inc., 137 Fla. 799, 188 So. 797; Lewis v. Arthur, Fla., 72 So.2d 397; Legg v. Hill, Fla., 42 So.2d 168. Sale of businesses including franchises and good will have frequently been the subject of specific enforcement in equity. 49 Am.Jur. 151. Also see Annotation in 152 A.L.R. 4. The reasons advanced decreeing specific enforcement are that franchises and good will of a business or the value of a going business and the profits involved cannot be readily ascertained and the estimation of value would be so indefinite recovery would not furnish a complete and adequate remedy at law. Chamber of Commerce v. Barton, 195 Ark. 274, 112 S.W. 619; Garbar v. Siegel, 194 Misc. 966, 87 N.Y.S. 597. Specific performance has been decreed on a contract to sell merchantable natural gas. Southwest Pipe Line Co. v. Empire Natural Gas Co., 8 Cir., 33 F.2d 248, 64 A.L.R. 1229.
In the case now before us, it appears the contract of sale involves a going business including good will and an operating franchise covering a particular territory. Obviously, such a franchise would not be available in the open market and its value would be very difficult, if not impossible, to ascertain. The value of good will or of a going business is an intangible asset of an indefinite, speculative or uncertain value. The contract executed in 1952 provides the method of determining the purchase price. However, the measure of damages in an action at law would entail the determination of the present value of such business which involves elements of going business value, good will and prospective profits. Certainly these are matters which cannot be readily ascertainable or *440 fixed and could not conform with the rule in a law action that any recoverable damages must be susceptible to reasonable ascertainment.
For the reasons stated the decree is reversed and the cause is remanded for further appropriate proceedings.
KANNER, C.J., and SHANNON, J., concur.