PER CURIAM.
This is an appeal from a final order enforcing a settlement agreement in a breach of contract action involving the sale of a steel cutting machine. We affirm.
Extensive briefs have been filed by the parties and numerous points on appeal have been raised by the appellant Delta Brands, Inc. Without analyzing these points in any depth, suffice it to say that there was substantial, competent evidence presented below to support the trial court’s findings that (a) the appellant Delta Brands, Inc. breached the settlement agreement, by specifically repudiating it, (b) the appellee Hesco Sales, Inc. committed no material breach of the settlement agreement, and (c) Hesco Sales, Inc. had the ability to perform.its obligations under the settlement agreement when the appellant Delta Brands, Inc. repudiated the said agreement. We have not overlooked the appellant’s extensive arguments to the contrary, but do not find them persuasive. Moreover, we conclude that the remedy fashioned by the trial court to specifically enforce the settlement agreement herein was entirely appropriate in this cause under the established law; we reject appellant’s extensive arguments to the contrary. See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985); Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628, 629 (Fla. 3d DCA 1975), appeal dismissed, 327 So.2d 31 (Fla.1976); Mangus v. Porter, 276 So.2d 250, 251 n. 1 (Fla. 3d DCA), cert. denied, 279 So.2d 881 (Fla.1973); Hogan v. Norfleet, 113 So.2d 437, 439 (Fla. 2d DCA 1959), aff'd, 143 So.2d 384 (Fla.1962).
Based on the foregoing reasons, the final order under review is, in all respects,
Affirmed.