PER CURIAM.
We reverse the trial court’s order granting relief as to a previous settlement related judgment ostensibly pursuant to Rule 1.540(b)(5), Florida Rules of Civil Procedure. The parties, through their counsel, had settled matters that related to two actions; one in the Dade County Circuit Court and one in the Hillsborough County Circuit Court. The settlement was reduced to writing and approved in the Hillsbor-ough action. Pursuant to the settlement, $1,365,536.41 was to be paid, a part of which sum was distributed to the appellees and $1,000,000.00 was placed in control of the Hillsborough County Circuit Court. Thereafter the Dade County action was dismissed pursuant to the terms of the *989 stipulation. The Dade County Circuit Court was without authority to interfere with the stipulation entered into by the parties in the Hillsborough action. Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA 1973) cert. denied, 279 So.2d 305 (Fla.1973). It is also doubtful if the trial court was correct in entertaining the proceeding pursuant to Rule 1.540(b)(5), Florida Rules of Civil Procedure; Miller v. Fortune Insurance Co., 484 So.2d 1221 (Fla.1986). The proper place to seek relief from the Hillsborough circuit court order approving the settlement was in that court.
Therefore, for the reasons above stated, we remand the cause to the Circuit Court for the Eleventh Judicial Circuit, in and for Dade County, with directions to reinstate the judgment of dismissal dated March 4, 1986, entered pursuant to the settlement agreement.
Reversed and remanded with directions.