602 So.2d 984 (1992)
The CADLE COMPANY, INC., an Ohio corporation, Appellant,
v.
Arnold SCHECTER and Edith Schecter, Appellees.
No. 92-593.
District Court of Appeal of Florida, Third District.
July 14, 1992.
Rehearing Denied September 8, 1992.
Marc Birnbaum, Miami, for appellant.
Stephen H. Butter, Aventura, for appellees.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, The Cadle Company, Inc. (Cadle), appeals the denial of its motion to enforce a court-approved stipulation and settlement agreement. We reverse.
Appellees, Arnold and Edith Schecter, entered into a stipulation and settlement agreement with a bank. The pertinent provisions of this agreement were that: 1) the Schecters were to make monthly payments on their indebtedness; 2) if the Schecters' payments were not timely made, then they consented to judgment against them upon the filing of an affidavit of indebtedness establishing a default; and, 3) the agreement could be assigned. In 1986, the trial court approved the agreement and retained jurisdiction to enforce it.
Cadle, the assignee of this agreement, filed its motion to substitute Cadle as plaintiff and for entry of final judgment. Cadle also filed its affidavit demonstrating the Schecters' indebtedness and default under the agreement. The trial court substituted Cadle as plaintiff, but referred the matter of final judgment to a general master. Ultimately, the trial court denied the motion to enforce the agreement finding:
... that the plaintiff has failed to carry his burden of proof in demonstrating that he had standing and that the defendants are in default ...
We find, however, that the trial court was incorrect. First, the trial court previously substituted Cadle as plaintiff recognizing Cadle as the assignee of this settlement agreement. Second, Cadle filed an affidavit of its account officer stating that the Schecters were in default in their monthly payments. Also, the Schecters even admitted a balance due since 1987.
*985 Settlements are like any other type of contract and therefore are interpreted and governed by ordinary rules of contract. Additionally, settlements are highly favored and will be enforced whenever possible. Robbie v. City of Miami, 469 So.2d 1384 (Fla. 1985).
Here, the trial court, having retained jurisdiction over this stipulation and settlement agreement, was in the perfect position to provide an efficient free-flowing adjudicative forum to enforce the agreement. We therefore reverse and remand for entry of an order enforcing the stipulation and settlement agreement in favor of Cadle, including attorneys' fees and costs, as provided for in the agreement.
Reversed and remanded.