626 So.2d 1037 (1993)
BAC INTERNATIONAL CREDIT CORP., Appellant,
v.
Jose MACIA and Jennifer Macia, et al., Appellees.
No. 93-1269.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Rehearing Denied December 14, 1993.
*1038 Berley & Littman and Eric P. Littman, Miami, for appellant.
Michael Schiffrin, Miami, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
BAC International Credit Corp. appeals an order refusing to enforce a settlement agreement. We reverse.
BAC made a mortgage loan of $725,000 to appellees Jose and Jennifer Macia. In 1991 the lender brought a foreclosure action against the borrowers. In 1992 the parties agreed to settle the action. The Agreed Order of Settlement set forth a detailed payment schedule. The settlement provided that if the payments were not made when due, an agreed final judgment of foreclosure would be entered against the borrowers. The circuit court entered the Agreed Order of Settlement and retained jurisdiction to enforce it.
Nine months later, the borrowers failed to make one of the required payments. The trial court refused to enforce the settlement, apparently reasoning that the borrowers should be given more time notwithstanding the terms of the agreement.[*]
"[S]ettlements are highly favored and will be enforced whenever possible." Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla. 1985) (citations omitted). The terms of the settlement here are clear and unambiguous. See Federal Home Loan Mortgage Corp. v. Molko, 602 So.2d 983 (Fla. 3d DCA 1992). The lender had agreed to forbear from proceeding with its pending foreclosure action, so long as payments were made in accordance with the specifically agreed schedule. In our view the settlement should have been enforced in accordance with its terms. Accordingly, the order under review is reversed and the cause remanded with directions to enter judgment for the appellant.
NOTES
[*] The borrowers eventually tendered the payment six weeks late. The lender refused to accept the payment. The trial court ordered the lender to accept the payment, noting that such order was without prejudice to the lender's right to seek enforcement of the settlement agreement.