652 So.2d 925 (1995)
Isabel MORALES, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
METROPOLITAN DADE COUNTY, Appellant,
v.
Isabel MORALES, Appellee.
Nos. 93-2645, 93-2604.
District Court of Appeal of Florida, Third District.
March 29, 1995.
Isabel Morales, appellant/appellee, in proper person.
Robert A. Ginsburg, County Atty. and Thomas H. Robertson, Asst. County Atty., for appellee/appellant Metropolitan Dade County.
Before COPE, GODERICH and GREEN, JJ.
PER CURIAM.
In these consolidated appeals Metropolitan Dade County and Isabel Morales each challenge an order enforcing settlement agreement. We affirm in part and reverse in part.
We have initially considered the question of whether the trial court's order dated June 4, 1991 was effective to amend the July 7, 1989 order approving settlement agreement, so as to extend the period of retention of jurisdiction. The recitations contained in the order of June 4, 1991 indicate that the trial court proceeded under Florida Rule of Civil Procedure 1.540, and concluded that proper grounds existed to modify the July, 1989 order. At the 1991 hearing both parties were represented by counsel. The recitations in the order indicate that there was no objection to this procedure. In any event, no appeal was taken after entry of the 1991 order which modified the earlier judgment. Consequently, we conclude that the parties are proceeding properly under the modified judgment.
By order dated November 1, 1993, the trial court found after an evidentiary hearing that Ms. Morales had not complied with material terms of her settlement agreement with Dade County regarding certain environmental violations. After careful consideration of Ms. Morales' arguments, we find no error of *926 law. Consequently, as to Ms. Morales' appeal, we affirm.
Dade County has appealed, contending that the penalty assessed by the trial court is insufficient. This point has merit.
The parties' settlement agreement listed several steps which Ms. Morales was required to complete in order to come into compliance with the environmental regulations applicable to her property. Paragraph 8 of the settlement agreement said, "In the event the Defendant fails to comply with any of the above time schedules or provisions, the Defendant will automatically be liable for a penalty of $100.00 per day until the Defendant complies with the above provisions." After the trial court found Ms. Morales to be in violation, the court entered a penalty of $1.00 against Ms. Morales, although Paragraph 8 of the settlement agreement called for a larger amount.
The settlement agreement in this case was entered into in order to resolve environmental violations existing on Ms. Morales' property. We agree with the County that the agreement must be interpreted in accordance with its terms and underlying intent. See BAC Int'l Credit Corp. v. Macia, 626 So.2d 1037 (Fla. 3d DCA 1993). It is clear that Ms. Morales took a number of the steps which were called for by the agreement. However, at the evidentiary hearing below the trial court concluded that Ms. Morales had not completed her obligations under the agreement and was in substantial noncompliance. There must be a new hearing to determine the point at which Ms. Morales should be deemed to have been in material noncompliance with the settlement agreement. The trial court should then recalculate the penalty.
In summary, the order is reversed insofar as it assesses a $1.00 penalty, and remanded for recalculation of the daily penalty. The order is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.