661 So.2d 422 (1995)
METROPOLITAN DADE COUNTY, Appellant,
v.
EDOL CORPORATION, Appellee.
No. 95-506.
District Court of Appeal of Florida, Third District.
October 18, 1995.
Robert A. Ginsburg, County Attorney, and Thomas H. Robertson, Assistant County Attorney, for appellant.
Elizabeth A. De Leeuw, for appellee.
Before BARKDULL,[*] GODERICH and GREEN, JJ.
PER CURIAM.
We find that the trial court had jurisdiction to enforce the parties' agreed order and the court-approved settlement agreement. BAC Int'l Credit Corp. v. Macia, 626 So.2d 1037 (Fla. 3d DCA 1993); Cadle Co. v. Schecter, 602 So.2d 984 (Fla. 3d DCA 1992); Buckley Towers Condominium v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975), appeal dismissed, 327 So.2d 31 (Fla.), and appeal dismissed, 330 So.2d 15 (Fla. 1976). Therefore, we affirm the trial court's entry of a non-final order enforcing the parties' agreed order and court-approved settlement agreement and finding that the defendant, Edol Corporation [Edol], had failed to comply with the provisions of the agreed order and the settlement agreement.
However, based on the trial court's findings that Edol failed to comply with the provisions of the agreed order and the settlement agreement, we reverse that portion of the trial court's order declining to enforce the daily penalties provision of the settlement agreement. Morales v. Metropolitan Dade County, 652 So.2d 925, 926 (Fla. 3d DCA 1995). Accordingly, we remand this *423 cause for an award of daily penalties pursuant to the settlement agreement and for an evidentiary hearing to determine the date upon which Edol should be deemed to be in material noncompliance with the settlement agreement. Morales, 652 So.2d at 926.
Affirmed, in part, reversed, in part, and remanded.
NOTES
[*] BARKDULL, J., participated in the decision, but not in oral argument.