682 So.2d 219 (1996)
SUN MICROSYSTEMS OF CALIFORNIA, INC., Appellant,
v.
ENGINEERING AND MANUFACTURING SYSTEMS, C.A., Appellee.
No. 96-674.
District Court of Appeal of Florida, Third District.
November 6, 1996.
Kluger, Peretz, Kaplan & Berlin and Steven I. Peretz and Michael D. Ehrenstein, Miami, for appellant.
Morgan, Lewis & Bockius and Sergio Alvarez-Mena, III and Nancy A. Copperthwaite and Alexander T. Sarafoglu, Miami, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
LEVY, Judge.
Sun Microsystems of California (hereinafter "Sun") appeals the trial court's final order which denied appellant's motion to enforce *220 a settlement agreement and which granted the appellee's motion to dismiss the action based on grounds of forum non conveniens. For the following reasons, we reverse.
On April 13, 1995, Sun and Engineering and Manufacturing Systems, C.A. (hereinafter "EMSCA"), a Venezuelan corporation, reached a settlement agreement where EMSCA acknowledged its indebtedness to Sun in the amount of $1,231,000 and agreed to a payment schedule where EMSCA agreed to make a series of monthly payments in order to satisfy the debt. The settlement agreement provided that the Dade County Circuit Court would have continuing jurisdiction over the matter for the purpose of enforcing the settlement agreement in the event that EMSCA breached the terms of the agreement.[1] The trial court ratified and approved the terms of the settlement agreement.
Although Sun's motion to enforce alleges that EMSCA met its initial payment obligations, Sun states that EMSCA defaulted on its remaining payment obligations beginning on June 30, 1995. Approximately six months later, the Venezuelan government devalued the official exchange rate of Venezuelan bolivars to United States dollars. Under the new rate of exchange, 290 bolivars equaled one dollar whereas under the old rate of exchange 170 bolivars equaled one dollar. Shortly thereafter, EMSCA attempted to pay Sun the amount due under the payment schedule for the month of December at the old exchange rate. Sun, however, refused to accept the payment, claiming that the amount of bolivars tendered by EMSCA was not equivalent to the dollar amount owed under the new exchange rate and that EMSCA should pay any amount due and owing under the new exchange rate.
On January 16, 1995, Sun filed a motion in Dade County Circuit Court to enforce the settlement agreement. The enforcement motion asked the court to resolve the differing interpretations of the settlement agreement between the parties, including specifically which exchange rate governed the payments made by EMSCA to Sun to satisfy the settlement agreement. In response to Sun's motion, EMSCA filed a motion to dismiss the action based on forum non conveniens. After a hearing regarding each party's respective motions, the trial court entered an order dismissing Sun's action based on forum non conveniens.
We find that the trial court erred in dismissing Sun's motion to enforce the settlement agreement based on forum non conveniens. The public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will seek to enforce them whenever possible. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); American Express Travel Related Servs. Co. v. Marrod, Inc., 637 So.2d 4 (Fla. 3d DCA 1994). A settlement agreement must be interpreted in accordance with its terms and underlying intent. See Morales v. Metropolitan Dade County, 652 So.2d 925 (Fla. 3d DCA), review denied, 662 So.2d 343 (Fla. 1995). In the instant case, the provision of the settlement agreement giving the Dade County Circuit Court continuing and exclusive jurisdiction over the enforcement of the agreement was clear and lacked any ambiguity. Therefore, the trial court erred in dismissing the action based on forum non conveniens where the parties clearly manifested their intent that the Dade County Circuit Court should retain jurisdiction over the settlement agreement. Id. at 926. In the presence of, and with the approval of, a Dade County trial judge, the parties in the instant case made their intentions clear when they submitted to the jurisdiction of the court for the purpose of entering into a settlement agreement and, furthermore, agreeing that the court would retain jurisdiction over the case to enforce the terms of the settlement agreement.[2]
*221 A trial court has the inherent authority and jurisdiction to enforce court-approved settlement agreements. State, Dep't of Health and Rehab. Servs. v. Schreiber, 561 So.2d 1236 (Fla. 4th DCA 1990), review denied, 581 So.2d 1310 (Fla.1991); Broadband Eng'g, Inc. v. Quality RF Servs., Inc., 450 So.2d 600 (Fla. 4th DCA 1984); Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975), appeal dismissed, 327 So.2d 31 (Fla.1976). Given the trial court's clear authority and reservation of jurisdiction to enforce this agreement, the lower court erred in choosing to dismiss this action rather than resolving the portions of the settlement agreement which are at issue between the parties. See BAC Intern. Credit Corp. v. Macia, 626 So.2d 1037 (Fla. 3d DCA 1993); Crosby Forrest Prods., Inc. v. Byers, 623 So.2d 565, 567 (Fla. 5th DCA 1993) ("Settlement agreements are highly favored and once entered, are binding upon the parties and the courts.") (citation omitted).
Accordingly, we reverse the trial court's order, which granted the appellee's motion to dismiss the action on grounds of forum non conveniens, and remand this action to the trial court so that it may resolve the portions of the settlement agreement which are in dispute between the parties. Metropolitan Dade County v. Edol Corp., 661 So.2d 422 (Fla. 3d DCA 1995); Morales.
Reversed and remanded.
NOTES
[1] The settlement agreement states in pertinent part: "This court shall retain continuing jurisdiction to enforce the terms of this settlement and the defendants hereby consent to the court's continuing jurisdiction over them."
[2] Since the Dade County Circuit Court has exclusive and continuing jurisdiction to enforce the settlement agreement, it obviously follows that the appropriate forum for the defendant to resolve any dispute with the plaintiff regarding the settlement agreement is the Dade County Circuit Court. See Thompson v. Weiss, 516 So.2d 988 (Fla. 3d DCA 1987) (holding that where parties brought two actions, and settlement was approved by circuit court of first county, circuit court of second county was without authority to interfere with stipulation entered into by parties in first county action).