SCHWARTZ, Chief Judge.
On July 13, 1995, after mediation, the parties entered into a comprehensive settlement agreement which disposed of a circuit court action brought in 1993 by the Dade County Department of Environmental Resources Management (DERM) to recover fines and require correction of ground water pollution at the Fontes’ gas station. In the agreement, the Fontes undertook to rehabilitate the site and remedy the pollution according to a specified method and schedule. In addition, among other things, they agreed to pay a fine of $10,000.00 if they complied with the plan and $30,000.00 if they did not. Although it is admitted that they did not in fact do so, the trial judge ordered the Fontes to pay only $10,000.00. The county appeals for the $30,000.00 and the Fontes cross-appeal claiming that even the $10,000.00 should not have been assessed against them. We agree with the county.
The Fontes’ position is based on the contention that the acceptance on July 26, 1995, of their site into the State of Florida Abandoned Tank Restoration Program (ATRP), which rendered them eligible for state funded remediation assistance, see § 376.30712, Fla. Stat. (1995), relieved them of their obligations under the settlement agreement. We reject this argument. We find nothing in that acceptance, the terms of Chapter 95-2, section 3, Laws of Florida, as codified by section 376.30712, Florida Statutes (1995),[1] or those of Chapter 96-277, section 11, Laws of Florida,[2] which eliminates the parties’ responsibilities under a voluntary settlement agreement. While a contrary interpretation of these provisions would raise a serious question of their constitutional invalidity as an interference with contractual rights, Art. I, § 10, Fla. Const.; Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 135 So. 795 (1931), appeal dismissed, 286 U.S. 523, 52 S.Ct. 494, 76 L.Ed. 1267 (1932), the statutory language, which does not on its face even apply to voluntary contracts, makes it easy to follow the maxim that such a construction should be avoided. 49 Fla. Jur.2d Statutes § 113 (1984).[3]
It is axiomatic that settlements are highly favored, see Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Still v. Polecat Indust. Inc., 683 So.2d 634 (Fla. 3d DCA 1996), and that the courts “will seek to enforce them whenever possible.” Sun Micro-systems, Inc. v. Engineering & Mfg. Sys. C.A, 682 So.2d 219, 220 (Fla. 3d DCA 1996). These rules directly apply here. There is no doubt that, by eliminating their exposure to far greater liability in DERM’s pending lawsuit, the Fontes received ample consideration *1119 for their agreement and should therefore not now be permitted to repudiate it. Because there is also no question of their violation of the agreement or the consequences of the breach, the trial court was required to enter judgment accordingly. See Metropolitan Dade County v. Edol Corp., 661 So.2d 422 (Fla. 3d DCA 1995)(enforeing similar agreement); Morales v. Metropolitan Dade County, 652 So.2d 925 (Fla. 3d DCA 1995)(same), review denied, 662 So.2d 343 (Fla.1995). We therefore reverse the order under review with directions to increase the amount that the Fontes are required to pay from $10,-000.00 to $30,000.00.
Reversed with directions.

. Section 3. Notwithstanding any other provision of law, judgment, order, consent order, or ordinance, beginning March 27, 1995, there shall be no enforcement or continued enforcement of the site rehabilitation schedules pursuant to chapter 62-770, Florida Administrative Code, or local equivalent, at any site eligible for state cleanup or reimbursement pursuant to section 376.3071(9) or (12), Florida Statutes, 1994 Supplement.
Ch. 95-2, § 3, at 4, Laws of Fla.

. (5) Effective July 1, 1996, and operating retroactively to March 29, 1995, notwithstanding any other provision of law, judgment, consent order, order, or ordinance, no person who owns or operates a facility or who otherwise could be responsible for costs as a result of contamination eligible for restoration funding from the Inland Protection Trust Fund shall be subject to administrative or judicial action, brought by or on' behalf of the state or any local government or any other person, to compel rehabilitation in advance of commitment of restoration funding in accordance with a site's priority ranking pursuant to s. 376.3071(5)(a) or to pay for the costs of rehabilitation of environmental contamination resulting from a discharge of petroleum products that is eligible for restoration funding from the Inland Protection Trust Fund.
House Bill 1127, section 11 (Reg.Sess.1996).

.We also point out that the statutes’ apparent retroactive abrogation of existing court orders and judgments may well constitute an unconstitutional encroachment upon the judicial branch. See Walker v. Bentley, 678 So.2d 1265 (Fla.1996).