728 So.2d 292 (1999)
SECURITY INSURANCE COMPANY OF HARTFORD, Appellant,
v.
Juan Manuel PUIG, et al., Appellees.
No. 98-1032.
District Court of Appeal of Florida, Third District.
February 17, 1999.
Rehearing Denied April 14, 1999.
*293 Ausley & McMullen, and John Beranek, Tallahassee; Riley Knoerr & Emanuel, and Jacqueline G. Emanuel, Fort Lauderdale, for appellant.
Lidsky & Vaccaro, and Carlos Lidsky, Miami; Lopez Greenberg & Best, and Virginia M. Best, Miami, for appellees.
Before GERSTEN, GODERICH, and SORONDO, JJ.
PER CURIAM.
Security Insurance Company of Hartford ("Security Insurance") appeals an order denying its motion to determine that the terms of a settlement agreement were not met. We reverse.
Former policyholders of Security Insurance ("plaintiffs") filed a class action law suit against Security Insurance seeking to recover excess premiums. The class consisted of all individuals insured by Security Insurance whose policies had been cancelled for nonpayment of additional premiums and who would have been entitled to a refund of unearned premiums. The policyholder claims ranged from $30 to $60.
A detailed class action settlement was eventually entered into by the parties and approved by the trial court in a preliminary order on May 15, 1997. The potential class members were notified of the settlement by way of publication in ten Florida newspapers. In order to qualify as a member of the class and recover their entitlements, policy holders were required to respond to the notification within a certain time period. The deadline for calling the "800" number to receive a claim form was set on June 2, 1997. Those who responded appropriately had to prove they et the class and properly complete the claim form by the closing date.
The settlement agreement defined the plaintiff class as "all individuals" insured by the company whose policy had been cancelled for non-payment of additional premium and who would have been entitled to a refund of unearned premium, "or if the policy was financed an unearned premium was due to a premium finance company." The term "policyholder" was defined as "the named insured under a cancelled policy."
As of the June 2, 1997 closing date, sic premium finance companies submitted 33,943 claims. None of these claim forms were signed by an individual policyholder.
On June 30, 1997, Security Insurance filed a motion to determine that no properly signed claim forms had been received as provided by the settlement agreement, and sought a refund of the $50,000 common fund which had been created to pay the claims. Attached to the motion was the uncontested affidavit of an insurance representative stating that not one individual policyholder had called the "800" number and that not one signed claim form had been submitted by a policyholder.
Five months later, the trial court denied Security Insurance's motion and granted 45 *294 additional days to policyholders to provide signed claims forms, powers of attorney, and other documentation. The trial court's rationale for extending the deadline was that the result in her view "would be extremely unfair."
Settlement agreements are governed by contract rules and are highly favored. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985). Where the contractual language is clear, courts may not indulge in construction or modification and the express terms of the settlement agreement control. See Pafford v. Standard Life Ins. Co. of Ind., 52 So.2d 910 (Fla.1951); Avery Development Corp. v. Bast, 582 So.2d 150 (Fla. 4th DCA 1991); BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla.1986).
Here, the terms of the detailed negotiated settlement agreement required the individual policyholders to sign the claim forms and provide information to establish their eligibility as class members. Paragraph 2.11 defined the plaintiff class as "individuals" and paragraph 2.14 defined a "policyholder" as "the named insured under a canceled policy." In order to qualify as a class member, "individuals" had to have had an automobile policy issued by Security Insurance in which that policyholder was the named insured.[1]
Provision 4.5 of the settlement agreement required potential class members to return the completed claim form within the time prescribed by the court. The time prescribed by the court as the closing date was June 2, 1997, and the claim form contained a signature line for the individual potential class member's name to be printed.[2] Paragraph 3.14 provided that individual policyholders had to initially prove they met membership criteria. Had these requirements been met, paragraph 3.8 then provided that all payments were to be made within 60 days of the closing date, and monies not paid out were to be refunded to Security Insurance.
However, not one of the 33,943 claim forms submitted by the premium finance companies was signed by an individual class member attesting to the truth and correctness of the statements contained therein.[3] Further, none of the claim forms attached any of the requisite documentation in order to establish eligibility for payment.[4]
Once the final judgment approving the settlement agreement had been rendered, the trial court lost all jurisdiction except to enforce the judgment and except as provided by Rule 1.540. See Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984); Seddon v. Harpster, 438 So.2d 165 (Fla. 5th DCA 1983). Here, the settlement agreement specified procedures and criteria in order to *295 trigger entitlement to the funds. These bargained-for procedures were not complied with and the trial court did not have the authority to alter the express terms of the settlement agreement which had been approved by final order and judgment.[5]
Accordingly, we hold that the trial court erred in denying Security Insurance's motion to determine that no properly executed claim forms were received by the closing date, and thus the case is reversed and remanded with instructions to authorize the trustee to release the common fund to Security Insurance.
Reversed and remanded with instructions.
NOTES
[1] The class action settlement proof of claim form also contained language referring to individual policyholders stating: "You are a member of the class if you meet all of the following criteria: A. You were a named insured.... B. Your policy was canceled for non-payment of additional premium. C. The cancellation of your policy occurred.... D. You would have been entitled to a refund.... E. You have not made a prior claim...."
[2] Directly above the signature line on the claim form was a statement printed in bold which provided that: "all of my foregoing statements are true and correct to the best of my knowledge and belief."
[3] We are not persuaded by the plaintiffs argument that the premium finance companies qualified as proper claimants because the settlement agreement refers to premium finance companies at paragraphs 2.11(D) and 4.11. A careful reading of these provisions in context does not affect the entitlement criteria for triggering the right to the funds. Paragraph 2.11(D) states that individuals will meet the criteria as members of the plaintiff class whether they paid the insurance premium directly or if they financed payment through a premium finance company. Paragraph 4.11 references the companies only in the context of distribution of settlement funds, once the threshold requirements have been met. These references do not change the plaintiff class entitlement criteria clearly specified in the bargained-for agreement.
[4] Potential class members were given notice that they would be required to supply proof of the following: (a) name and address at the time the policy was applied for, (b) date of birth, (c) Florida Driver's License, (d) insurance policy number, (e) a copy of a notice of additional premium forwarded by the company, (f) a change of the standard cancellation notice, (g) a copy of address if appropriate, (h) insurance agency name and address where the policy was procured, (i) premium finance company name, address, and copy of a finance agreement, if applicable, and (j) copy of any refund check.
[5] We note that the Final Order and Judgment Approving Settlement Agreement dated May 15, 1997, specifically recognizes that: "The Agreement previously filed in this action and the settlement set forth therein, are found and determined to be fair, reasonable, and adequate, and are hereby approved and ordered performed by all parties."