PER CURIAM.
We affirm the fee award in the final judgment, finding that the trial court committed no abuse of discretion in arriving at the awarded amount, and applied the correct legal standard. See Kuhnlein v. Dep’t of Revenue, 662 So.2d 309 (Fla.1995).
However, we reverse paragraph 10 of the final judgment that awards costs for the expert’s testimony. The costs were awarded despite a settlement agreement wherein appellee specifically waived the right to recover any additional costs. Settlement agreements are construed according to principles of contract law, De Cespedes v. Bolanos, 711 So.2d 216 (Fla. 3d DCA 1998), and where, as here, there is *1081 an express provision in a settlement agreement, the courts may not modify or construe those terms. Sec. Ins. of Hartford v. Puig, 728 So.2d 292 (Fla. 3d DCA 1999). In this case, neither side questioned the reasonableness of the costs incurred in the expert’s testimony or the expert’s entitlement to compensation. However, in view of the settlement agreement provision waiving same, this cost must be borne by the appellee and/or by the appellee’s law firm. Therefore, the award in paragraph 10 must be reversed.
Affirmed in part; reversed in part.