889 So.2d 142 (2004)
ORCHID ISLAND PROPERTIES, INC., et al., Petitioners,
v.
W.G. MILLS, INC. OF BRADENTON, United States Fidelity and Guaranty Company and O'Donnell, Naccarato & Mignogna, Inc., Respondents.
No. 4D04-2621.
District Court of Appeal of Florida, Fourth District.
December 1, 2004.
Rehearing Denied January 6, 2005.
Eli H. Subin of Holland & Knight LLP, Orlando, and Steven L. Brannock of Holland & Knight LLP, Tampa, for petitioners.
Daryl J. Brown of Brown & Morgan, P.A., Sarasota, for respondents, W.G. Mills, Inc. of Bradenton and United States Fidelity and Guaranty Company.
MAY, J.
This is the second petition for writ of mandamus filed by Orchid Island Properties (OIP). Each petition sought a writ requiring the trial court to enter a judgment of dismissal in lieu of OIP filing a notice of voluntary dismissal with prejudice as required by the mediated settlement agreement (MSA). For the reasons that follow, we deny the petition.
OIP is the developer of condo-style dwellings on Orchid Island. The condominium associations initially filed suit against the developer for construction defects. OIP settled the dispute with the associations and received an assignment of their claims against the contractor and architect.
In the second phase of this litigation, OIP and the contractor, W.G. Mills, Inc., of Bradenton (Mills), and others reached a mediated settlement agreement (MSA). It provided for Mills to assign its claims against the subcontractors and others to OIP, for those entities to make certain payments to OIP, and for OIP to "dismiss all claims against the parties making payments and/or being released."
*143 The MSA was conditioned on OIP reasonably determining whether the contractor was insolvent and had made any fraudulent transfers. This determination was to be made within forty-five days.
Needless to say, a dispute arose regarding the contractor's insolvency and whether any fraudulent transfers had occurred. OIP therefore refused to voluntarily dismiss the action. The contractor moved to enforce the MSA.
On December 28, 2003, the trial court granted the motion and ordered OIP to comply with the MSA. Concerned that a voluntary dismissal would prevent it from appealing the order enforcing the MSA, OIP moved for entry of a final judgment dismissing the action.
While OIP's motion was pending, it filed the first petition for writ of mandamus with this court, seeking an order requiring the trial court to enter a final judgment of dismissal. On March 27, 2004, this court dismissed the petition without prejudice.
The trial court subsequently entered an order denying the motion for entry of final judgment. OIP has now filed a second petition for writ of mandamus, again seeking an order requiring the trial court to enter a final judgment of dismissal.
To obtain mandamus relief, OIP must establish a clear legal entitlement to the performance of a ministerial duty by the trial court. See Hatten v. State, 561 So.2d 562, 563 (Fla.1990). The MSA required OIP to file a voluntary dismissal. It did not require entry of a judgment of dismissal by the trial court. Thus, OIP does not have a clear legal entitlement to a court-ordered judgment of dismissal. Since the trial court ruled on the pending motion, this court has no reason to issue a writ of mandamus.
The real issue underlying these petitions is OIP's attempt to seek review of the December 28, 2003, order enforcing the MSA. As it currently stands, OIP has not filed a notice of voluntary dismissal and the case is still pending in the trial court. As a result, we do not have jurisdiction to review the order enforcing the MSA.
This court does not provide advisory opinions on how to litigate or perfect an appeal. Marion County Hosp. Dist. v. Akins, 435 So.2d 272, 273 (Fla. 1st DCA 1983); Walker v. State, 459 So.2d 333 (Fla. 3d DCA 1984). We are confined to ruling on the matters before us. The petition for writ of mandamus is denied.
TAYLOR, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I agree with the majority that the petition for mandamus should be denied. There is no clear legal entitlement to a writ of mandamus directing the trial court to issue a dismissal because the trial court entered an order requiring specific performance of the settlement agreement. Contrary to petitioner's concern expressed below, the trial court's order was an appealable order.
There is authority for treating an order compelling a settlement agreement as an appealable order. See Nichols v. May Dep't Stores Co., 632 So.2d 293 (Fla. 4th DCA 1994) (reversing a final order granting defendant's motion to enforce oral settlement agreement); River City Wholesale Florist, Ltd. v. Equiflor Corp., 864 So.2d 21 (Fla. 3d DCA 2003) (appeal involving an order denying a motion to enforce a stipulation for settlement); Metro. Dade County v. Edol Corp., 661 So.2d 422 (Fla. 3d DCA 1995); Boyko v. Ilardi, 613 So.2d 103 (Fla. 3d DCA 1993); Delta Brands, Inc. v. *144 Hesco Sales, Inc., 500 So.2d 227 (Fla. 3d DCA 1986).
For example, in Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295 (Fla. 4th DCA 2002), we considered an appeal from an order enforcing a settlement agreement against a plaintiff; the order directed the plaintiff to make a payment to the defendant within five days and, as in this case, ordered the "parties to file dismissals of their respective claims with prejudice." Id. at 297. Such an order is "final" within the meaning of Florida Rule of Appellate Procedure 9.030(b)(1)(A), because it contemplates no further judicial labor. As for an injunction, the fact that contempt may be required to enforce an order compelling settlement does not affect its "finality" for the purpose of determining jurisdiction of the district court of appeal.
We have held than an order denying a motion to compel settlement is appealable as a partial final judgment within the meaning of Florida Rule of Appellate Procedure 9.110(k). See Croteau v. Operator Serv. Co. of S. Fla., Inc., 721 So.2d 386 (Fla. 4th DCA 1998). If this type of order is appealable, it makes no sense to hold that an order directing specific performance of a settlement is not appealable.