958 So.2d 390 (2007)
Nelson Julio HERNANDEZ, Appellant,
v.
Maria De Los Angeles GIL, as Personal Representative of the Estate of Jose Manuel Hernandez Vicente, and as Personal Representative of the Estate of Alicia Hernandez Abislaiman, and as Trustee of their Trusts, Appellee.
No. 3D06-622.
District Court of Appeal of Florida, Third District.
February 14, 2007.
*391 Billbrough Marks, P.A., and Geoffrey B. Marks, Coral Gables, for appellant.
Tescher Gutter Chaves Josepher Rubin Ruffin Forman, P.A., Boca Raton, and Norman A. Fleisher, for appellee.
Before FLETCHER, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Nelson Julio Hernandez ("Hernandez") appeals an order of the probate court enforcing, for the second time, a global settlement agreement ("GSA") entered into by Hernandez, his mother, Alicia Hernandez Abislaiman ("Doña Alicia"), and Maria De Los Angeles Gil ("Gil") as executrix and personal representative of the estate of Hernandez's father, Jose Manuel Hernandez Vicente ("Don Manolo"), and as trustee of the Manolo and Alicia Hernandez Abislaiman Trust dated December 28, 1999 ("Trust"). Pursuant to this court's decision in Hernandez v. Gil, 907 So.2d 537 (Fla. 3d DCA 2005), and pursuant to the clear and unambiguous language of the GSA and the general releases executed concurrently therewith, we affirm.
As reiterated in numerous court decisions, "[t]he public policy of the State of Florida . . . highly favors settlement agreements among parties and will seek to enforce them whenever possible." Sun Microsystems of Ca., Inc. v. Eng'g & Mfg. Sys., C.A., 682 So.2d 219, 220 (Fla. 3d DCA 1996); see also Sec. Ins. Co. of Hartford v. Puig, 728 So.2d 292, 294 (Fla. 3d DCA 1999)("Settlement agreements are governed by contract rules and are highly favored."). It is well established that where the language of a settlement agreement is clear and unambiguous, courts may not indulge in construction or modification, and the express terms of the settlement agreement control. Puig, 728 So.2d at 294. Similarly, where the language of a release is "clear and unambiguous, the courts cannot indulge in construction or interpretation of its plain meaning." Vermut v. Gen. Motors Corp., 773 So.2d 126, 128 (Fla. 4th DCA 2000)(quoting Hurt v. Leatherby Ins. Co., 380 So.2d 432, 433 (Fla.1980)).
The clear and unambiguous language of the GSA specifies that, in exchange for certain real and personal property, Hernandez agreed to exchange general releases with the parties to the GSA and to *392 dismiss a petition he had previously filed objecting to the probate of his father's will. Pursuant to the clear and unambiguous language of the first general release executed by Hernandez, Hernandez agreed to release his mother, Doña Alicia, from any and all causes of action and to renounce any right in Doña Alicia's estate, except to the extent, if any, that Doña Alicia named him a beneficiary under her will. Further, if not named as a beneficiary under his mother's will, Hernandez agreed not to contest the validity of the will and waived his right to enter an appearance in any probate proceeding pertaining to his mother's estate and, to the extent that he would make such challenge or enter any such appearance, he would be deemed to have predeceased his mother. In a second analogously termed release, Hernandez agreed to renounce any right, title, or interest, vested or contingent, he had, has, or may have in the future in the Trust and in any other trust in which either of his parents was a settlor or beneficiary. In a third release, Hernandez agreed to release Gil, individually, and in her capacity as executrix and personal representative of Don Manolo's estate, and in her capacity as the trustee of the Trust, from any and all claims whatsoever, in law or in equity, which he ever had, has, or may have in the future. By order dated December 3, 2002, the trial court approved the GSA and specifically reserved jurisdiction over the parties to enforce the terms of the GSA.
The record indicates that Doña Alicia died in July 2003 and did not name Hernandez as a beneficiary under her last will and testament. Not surprisingly, Hernandez entered an appearance in the probate proceedings of his mother's estate and filed a petition challenging the administration of her will, in clear contravention of the express terms of the GSA. Hernandez also filed a lawsuit against Gil, individually, for tortious interference with his rights to his mother's inheritance. Pursuant to the clear and unambiguous language of the GSA and the corresponding releases, Hernandez bargained away his right to challenge his mother's will and in the event that he did so, he would be deemed to have predeceased his mother. Having challenged his mother's will, Hernandez is deemed to have predeceased her and therefore, has no right to any inheritance from his mother.
Hernandez readily accepted the benefit of his bargain but has, however, on numerous occasions attempted to circumvent his contractual obligations by filing lawsuits relating to the same claims he agreed to release per the express terms of the GSA and the corresponding releases. Consequently, we find that the trial court did not err in enforcing, for the second time, the GSA and finding Hernandez to be in breach thereof. Given a trial court's inherent authority and jurisdiction to enforce court-approved settlement agreements, we affirm the order of the trial court in its entirety. See Sun Microsystems, 682 So.2d at 221.
Affirmed.