SUAREZ, J.
 

 Miami-Dade County [“County”] appeals from a non final order granting the County’s motion to enforce a Settlement Agreement between the County and Concrete Structures, Inc. [“CSI”]. We affirm.
 

 CSI runs an operation in west Miami-Dade County excavating lime rock to create aggregate and other concrete products. CSI operates pursuant to federal, state, and county permitting. In 2000, due to CSI’s failure to have the necessary permits, the County filed for an injunction to prevent CSI from operating a cement pre-casting facility on its property. In June of 2000, the circuit court entered an order granting a preliminary injunction. The parties subsequently entered into a Settlement Agreement in 2005, to resolve zoning and environmental violations on CSI’s property. CSI paid $140,000 as penalty for operating a concrete casting facility within a jurisdictional wetland and within the zone of the County’s northern drinking water well field. CSI also agreed to legalize and get permits for all uses on the property within eighteen months. During that eighteen-month period the County al
 
 *763
 
 legedly granted extensions to CSI allowing certain illegal uses
 
 [1]
 
 to continue as CSI attempted to secure the necessary federal and state permits. Part of CSI’s difficulty in complying within the agreed-upon time frame was the overlapping and interdependent federal, state and local permitting requirements and the bureaucracies involved. The County filed a motion to enforce the Settlement Agreement in June 2007. Despite diligently moving forward in the permitting process, starting in April 2008, without yet getting the necessary permit and without the County’s knowledge, CSI engaged in several occasions of illegal concrete casting on the property. The present appeal arises from the County’s motion to enforce the Settlement Agreement.
 

 The trial court held an extensive eviden-tiary hearing on the County’s motion to enforce. The record shows that the trial court carefully considered all of the evidence and testimony and concluded that CSI had been diligent in seeking to comply with the settlement, and that the County had been equally generous in allowing CSI to keep non-compliant structures and functions past the eighteen-month window period specified by the agreement. CSI admitted that it violated the agreement by six instances of casting, starting in April of 2008, and the County admitted that it turned a blind eye to the minor violations and only sought to enforce the agreement after the casting incidents. Both parties agreed that the global and minor permits are so close to being fulfilled that it would be unproductive to enjoin CSI from continuing operations.
 

 The issue for the trial court’s determination at the evidentiary hearing was to determine if there had been a material noncompliance by CSI with the Settlement Agreement and, if so, the date of such noncompliance.
 
 See Morales v. Metro. Dade County,
 
 652 So.2d 925, 926 (Fla. 3d DCA 1995) (remand to the circuit court for a determination of the date of material noncompliance -with the settlement agreement). The trial court granted the County’s motion to enforce, and determined that April 1, 2008 was the date from which the agreed $500 per day penalties should run pursuant to the Settlement Agreement, as that is when CSI began casting concrete without the required permits. It appears from the Order and the record that the trial court determined the only material noncompliance by CSI occurred in April 2008, when CSI first engaged in illegal concrete casting. The County moved for clarification, arguing that the illegal structures and equipment remained on CSI property for the eighteen-month period specified by the Settlement Agreement, and remain there today. At the hearing on the County’s motion for clarification, the County argued that CSI should be assessed the $500 per-day penalty running from June 1, 2007 until CSI corrects the violations. The trial court explained its earlier ruling on the record, but no further order was entered. The County appeals.
 

 The trial court properly considered the purpose and underlying intent of the Settlement Agreement, which was to bring CSI into compliance with federal, state and local permitting requirements within a reasonable period, not to put them out of business.
 
 See Morales
 
 652 So.2d at 926 (“[T]he agreement must be interpreted according to its terms and underlying intent.”). The trial court noted, and both parties agreed, that the eighteen-month
 
 *764
 
 time frame for compliance was unrealistic. Under the circumstances and facts of this case, we find the trial court did not abuse its discretion in finding the only material noncompliance was the illegal concrete precasting, which first occurred in April 2008.
 
 [2]
 
 Finding no abuse of discretion, we affirm.
 

 Affirmed.
 

 [1]
 

 . For example, storage of concrete products and ancillary equipment, and operation of an office trailer.
 

 [2]
 

 . We consider only the record surrounding the order granting the County's motion to enforce, as no order was rendered after the second hearing on the County’s Motion for Clarification.