Julia Funk, as Administratrix D. B. N. of the Estate of Theodore S. Funk, Deceased, Plaintiff, *v.* New York Life Insurance Company, Defendant.

Supreme Court, Special Term, New York County, February 26, 1946.

*Isidor Wasservogel* for plaintiff.

*Ronald B. Swinford, Joseph C. Wilberding* and *Ferdinand H. Pease* for defendant.

SHIENTAG, J. Both sides move for summary judgment. Concededly there is no disputed issue of fact. The only question presented is the interpretation of a provision in certain policies of life insurance. Plaintiff as administratrix sues to recover $20,000 double indemnity due under three policies of life insurance issued by the defendant in 1929. The insured died in an airplane accident while a passenger on a plane bound from Miami, Florida, to New York City. Single indemnity in the amount of $20,000 has been paid. Under the policies the defendant had agreed to pay double indemnity upon proof of death of the insured resulting "from bodily injury effected solely through external, violent and accidental means * * *."

The fact that the insured died from injuries sustained in an airplane accident is not in dispute. The defendant contends, however, that this accidental death was a risk not assumed by it under the double indemnity provisions of the policies in suit. The provision is the same in each policy and reads as follows: "Double indemnity shall not be payable if the insured's death resulted from * * * engaging in riot or insurrection; from participation as a passenger or otherwise in aviation or aeronautics * * *."

The narrow issue of law, therefore, is whether, within the meaning of the policies, the insured was a participant as a passenger or otherwise in aviation or aeronautics.

It would serve no useful purpose to discuss the many cases on this subject in other jurisdictions. The present law of this State is reflected in two recent decisions: *Hartol Products Corp.*

v. *Prudential Insurance Co.* (290 N. Y. 44 [1943]) and *Lee* v. *Guardian Life Ins. Co. of America* (187 Misc. 221, affd. 267 App. Div. 985 [1944], motion for leave to appeal to Court of Appeals denied 268 App. Div. 849).

In the *Hartol* case (*supra*, p. 46) the exception clause read as follows " \* \* \* no Accidental Death Benefit shall be payable if such death resulted \* \* \* from having been engaged \* \* \* in aviation or aeronautics, as a passenger or otherwise \* \* \* ."

The Court of Appeals by a divided court of five to two held that a fare-paying passenger on an airplane was not engaged in aviation, or aeronautics " as a passenger or otherwise ", within the meaning of the clause there involved. In the course of his opinion RIPPEY, J., writing for the majority, said that it was not sufficient to warrant exclusion from the double indemnity provision that the decedent " was merely a passenger. He must further be engaged in aviation or aeronautics. The word ' engaged ' means something more than occasional participation as a passenger " (p. 49).

From this observation, the defendant in the present case argues that the Court of Appeals made a distinction between one who is " engaged " in aviation or aeronautics as a passenger, and one who " participates " in aviation as a passenger. It is contended that the word " engage " connotes some activity on the part of the passenger related to the operation of the airplane, whereas the word " participate " has a passive connotation and implies presence rather than activity. Such a distinction, if indeed it be a valid one, would seem to be contrary to the underlying rationale of the *Hartol* case (*supra*): that if an insurance company desired to exclude liability for double indemnity where the insured was riding as a passenger in any kind of aircraft, it should have so stated in plain, unambiguous language; that insurance contracts, above all others, should not be couched in language as to the construction of which lawyers and courts may honestly differ; that a policy of life insurance should be so worded as to be understood, not by a savant or rhetorician, but by a person of ordinary business intelligence.

Within a year after the *Hartol* decision (*supra*) the case of *Lee* v. *Guardian Life Ins. Co. of America* (*supra*) was decided in the Supreme Court, New York County. The excluding clause in the *Lee* case (187 Misc. 221, *supra*) read as follows: " \* \* \* Double indemnity shall not be payable if the Insured's death resulted from \* \* \* engaging or participating as a passenger or otherwise in aerial navigation or sub-

marine operations or service connected with either.'' The court (HAMMER, J.) held that a fare-paying passenger using a plane as a means of transportation did not " participate " in aerial navigation as a passenger or otherwise.

On appeal to the Appellate Division of the First Department the arguments here advanced by the defendant were made by the insurer and were unanimously rejected by that court. It was urged there as here that there was a marked difference between " engaging " and " participating "; that " engaging " referred to a continuity of activity, whereas " participating " signified an occasional act, for the most part passive in character. Vigorous reliance was placed upon the dictum in the *Hartol* case (*supra*), to which reference has been made, and upon decisions in other jurisdictions where a distinction was drawn between the two terms mentioned. Such a distinction, however, was rejected by the Appellate Division which denied leave to appeal to the Court of Appeals. I see no difference between the *Lee* case (*supra*) and the case now under consideration. If the defendant's contention were adopted, the law in New York would be in this anomalous state: A fare-paying passenger on a plane is not covered by the word " engaged " or by the phrase " engaging or participating ", but he is covered by the word " participation ". There would seem to be no distinction between " aerial navigation " and " aviation or aeronautics ". Aeronautics is the science which deals with the operation of aircraft; and aviation deals with the science of flying.

The defendant's motion for summary judgment dismissing the complaint is accordingly denied. The plaintiff's motion for summary judgment is granted, and the clerk is directed to enter judgment for the relief demanded in the complaint, with interest and costs. The defendant may have a twenty-day stay of execution.