52 So.2d 910 (1951)
PAFFORD
v.
STANDARD LIFE INS. CO. OF INDIANA.
Supreme Court of Florida, Special Division A.
June 8, 1951.
*911 Lewis F. Law, Daytona Beach, and William Singleton, Miami, for appellant.
J. Compton French and Hull, Landis, Graham & French, De Land, for appellee.
TERRELL, Justice.
March 7, 1950, Charles Herbert Pafford, Jr., was killed in an accidental crash of a regularly scheduled commercial air line carrier. At the time of his death he held a policy of insurance with appellee for $10,000, with double indemnity or additional accidental death benefit of $10,000 to be paid in the event "that death shall not have resulted from bodily injuries sustained while participating in aviation or aeronautics * * *". Appellee paid the death benefit but refused to pay the double indemnity because of the quoted provision of the policy.
This action was brought by appellant, the mother of the deceased, to recover the principal and interest of the double indemnity, including a reasonable attorney's fee. A motion to dismiss the complaint was granted and the plaintiff electing not to plead further, final judgment was entered for the defendant and the plaintiff appealed.
It is agreed that the point for determination is whether or not a paying passenger on a regularly scheduled commercial air carrier is participating in aviation or aeronautics.
It appears that we answered this question in the affirmative in Travelers Ins. Co. v. Peake, 82 Fla. 128, 89 So. 418 and in Price v. Prudential Insurance Co., 98 Fla. 1044, 124 So. 817. The gist of appellant's contention is that these cases should now be overruled because of advance and new developments in aviation and because other jurisdictions have held that pay passengers on a commercial air carrier are not participants in aviation or aeronautics. Kansas City Ins. Co. v. Wells, 8 Cir., 133 F.2d 224; Lee v. Guardian Life Ins. Co. of America, 187 Misc. 221, 46 N.Y.S.2d 241; Funk v. New York Life Ins. Co., 186 Misc. 449, 60 N.Y.S.2d 349 and others.
We are conscious of the doctrine announced in the cases relied on by appellant but in the cases cited herein this court saw fit to follow a different rule and the cases are not in parallel. Where contracts and statutes are ambiguous interpretation may be necessary, but here we are confronted with a contract, the meaning of which was well understood in the cases here cited, the case of Travelers Insurance Co. v. Peake being similar to the case at bar. When the meaning of a contract is well settled the court is not at liberty to modify it by interpretation, though it may modify judge made rules for better conformity with justice. We think the cases cited rule the case at bar.
Affirmed.
SEBRING, C.J., ROBERTS, J., and PARKS, Associate Justice, concur.