PER CURIAM.
Neisner Brothers (Neisner) appeals from a non-final order of the trial court which granted partial summary judgment in favor of the appellees. We have jurisdiction.[1]
Palm Corporation (Palm) is the owner of Sunny Isles Shopping Center. Appellant Neisner is a tenant of the center by virtue of a 1957 lease which Neisner executed with Palm’s predecessor in interest. In 1978 Palm entered into an agreement with Jerome and Melvin Homer to lease a portion of the shopping center parking lot on which to build a restaurant. Neisner objected to this proposed construction as violating a provision of its lease. Palm then filed this suit seeking a declaration of its rights under the two agreements.
The Homers, joined by Palm, moved for partial summary judgment alleging that the 1978 agreement did not violate the *1107 Neisner lease. The trial court granted the motion concluding that Neisner, while entitled to 300 parking spaces within 1,000 feet of its store[2], had no right to prevent the proposed construction which would affect neither the amount nor the location of these spaces. We disagree and reverse.
At the heart of this controversy is the meaning of paragraph 1(c) of the Neisner lease, which provides in relevant part:
No changes shall be made to the location of Tenant’s store ... or to the parking area, without the Landlord first obtaining the written consent of the tenant, [e. s.]
The plain language of this paragraph required Palm to obtain Neisner’s written consent before making any alterations in the parking lot. Clearly, the erection of a restaurant in the middle of the lot will “change” the parking area. It is conceded that no written consent was obtained from Neisner prior to the execution of the lease agreement between the Homers and Palm. By failing to give effect to this provision of the lease, the trial court varied the terms of the agreement. Where, as here, a contract term is explicit and unambiguous, it must be accorded its plain meaning. Pafford v. Standard Life Ins. Co. of Indiana, 52 So.2d 910 (Fla.1951); Bared v. Cobo, 379 So.2d 666 (Fla. 3d DCA 1980).
In so ruling we note a similar decision in a sister state based on a lease provision substantially the same as paragraph 1(c): Food Fair Stores, Inc. v. Jackson Heights Shopping Center, Inc., 55 Misc.2d 205, 284 N.Y.S.2d 814, aff’d mem., 28 A.D.2d 1207, 285 N.Y.S.2d 1009 (1967). Additionally, we are impressed with the analysis of a comparable situation in the case of Walgreen Co. v. American National Bank & Trust Co. of Chicago, 4 Ill.App.3d 549, 281 N.E.2d 462 (1972), where the court treats the broader implications peculiar to this form of lease agreement.
Accordingly, the partial summary judgment under review is reversed and the cause remanded with directions to enter judgment on this issue in favor of appellant Neisner.
Reversed and remanded with directions.

. Fla.R.App.P. 9.130(a)(3)(C)(iv).

. Paragraph 10(a) of the Neisner lease.