RYDER, Chief Judge.
Larry D. Beltz, plaintiff below, appeals from a summary judgment entered in favor of appellee Hazlett Enterprises (Hazlett). In April 1982, Beltz entered into a real estate contract to purchase certain property from Hazlett. Paragraph 12 of the contract provided, inter alia, “Seller agrees to furnish Purchaser a written statement of a licensed and bonded termite company, stating whether there is any infestation on said property.” When Beltz received the report, however, it stated only that there was no “visible” termite damage observed. Beltz refused to close on the contract because the termite report was not from a bonded company and it failed to state whether there was any termite infestation.
In response to an interpleader action filed by the real estate broker who held Beltz’s deposit on the property, both parties cross-claimed against each other claim *1097 ing entitlement to the deposit monies. Subsequently, both parties filed motions for summary judgment. The trial court granted Hazlett’s motion and denied Beltz’s motion. We reverse.
There is no dispute that the termite company that furnished the report was not a bonded company. Furthermore, the contract plainly required a termite report which stated whether there was any termite infestation on the property, not limited to visible infestation. The contract which was prepared by Hazlett’s agent must be construed against Hazlett. The trial judge abused his discretion when he entered summary judgment for Hazlett, thereby implicitly varying the terms of the contract to require a lesser termite report than that to which the parties agreed. We hold that the contract was clear and unambiguous, therefore, the trial court could not give it a different meaning. Hamilton Construction Co. v. Board of Public Instruction, 65 So.2d 729 (Fla.1953); Bay Management, Inc. v. Beau Monde, Inc., 366 So.2d 788 (Fla. 2d DCA 1978). Moreover, Beltz is entitled to summary judgment in his favor as there are not genuine issues of material fact to be decided and, as a matter of law, Hazlett breached the contract by supplying a termite report not complying with its terms.
REVERSED and REMANDED with instructions to set aside the summary judgment previously entered in favor of Hazlett and to enter a final summary judgment in favor of Beltz.
GRIMES and LEHAN, JJ., concur.