PER CURIAM.
We treat this as an appeal from a non-final order entered after a final order dismissing this cause, reserving jurisdiction to enforce the terms of the settlement agreement. Appellees filed a motion to enforce settlement which the trial court granted. We reverse.
The issue presented is whether the trial court erred in determining that a mortgage commitment procured by appellees (Southern) was “identical in substance” to a prior commitment (Glendale), as required by the settlement agreement, in order to complete the terms thereof so that appellee could purchase a townhouse developed by appellant. The settlement agreement further provided that “no other contingencies than those contained in the Glendale Federal Commitment” would be allowed in the substitute (Southern) letter. The terms of the two commitment letters are not identical. For instance, the Southern commitment requires additional guarantors which the Glendale letter does not; the Southern letter requires a business purpose restriction which Glendale does not; the Southern commitment requires a collateral ratio requirement which the Glendale letter does not; and finally the Southern letter requires collateral in addition to the property being purchased which the Glendale letter does not.
Settlement agreements are controlled by general contract law. Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985). If the terms are clear and unambiguous, the express terms control. See Beltz v. Hazlett Enterprises, 452 So.2d 1096 (Fla.2d DCA 1984). Otherwise, the court can inquire into the intent of the parties as evidenced by the entire document. See Home Sav. of America v. Roehner, 491 So.2d 612 (Fla. 4th DCA 1986). The terms at issue here are “identical in substance” and “no other contingencies.” While arguably the word “substance” may create some ambiguity, we fail to see how “no other contingencies” can be construed in any way other than exactly what it says. As such, the term controls, and there is no need to inquire into the intent of the parties. It is undisputed that the Glendale letter did not contain contingencies for a specified collateral ratio, additional collateral, and additional guarantors. This directly violates the “no other contingencies” requirement of the settlement agreement.
Appellees acknowledge the differences but argue they are simply differences in form rather than substance and do not create additional contingencies. However, they presented no evidence upon which the trial court could so conclude. As the moving party, they failed to carry their burden that the terms of the settlement had been *152 met. Therefore, the trial court erred in granting the motion to enforce the settlement.
Reversed and remanded.
ANSTEAD and WARNER, JJ., and STEVENSON, W. MATTHEW, Associate Judge, concur.