602 So.2d 983 (1992)
fEDERAL HOME LOAN MORTGAGE CORPORATION, a corporate instrumentality of the United States of America, Appellant,
v.
Ronald S. MOLKO, Appellee.
Nos. 92-406, 92-400.
District Court of Appeal of Florida, Third District.
July 14, 1992.
Rehearing Denied August 18, 1992.
Matzner, Ziskind, Hermelee & Jaffee and Joshua D. Lerner, Miami, for appellant.
Rhea P. Grossman, Miami, for appellee.
Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
Federal Home Loan Mortgage Corporation [FHLMC] appeals orders denying its motions to enforce a settlement agreement. We reverse.
FHLMC sued to foreclose two mortgages Ronald S. Molko held on two properties. Before trial, FHLMC and Molko executed a settlement agreement. Molko agreed to sell the properties by December 1991, to pay off the mortgages, and to remit monthly interim payments.[1] The court approved the agreement, and reserved jurisdiction to enforce the agreement's terms. The sale closed on November 6, 1991; Molko did not remit the November interim payment. FHLMC filed motions to enforce the agreement, seeking orders requiring Molko to make the November interim payment. The trial court entered orders denying the motions.
We reverse the orders. We hold that the settlement agreement unambiguously required the November interim payment. Settlement agreements "are governed by the rules for interpretation of contracts." Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla. 1985). The clear expression of the meaning of a contract may not be modified by court interpretation, Pafford v. Standard Life Ins. Co., 52 So.2d 910 (Fla. 1951); BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla. 1986); "[i]f the terms are clear and unambiguous, the express terms control." Avery Dev. Co. v. Bast, 582 So.2d 150, 151 (Fla. 4th DCA 1991). The settlement agreement called for the November interim payment. Payment was due for the "month in which the sale of the Mortgaged *984 Properties is closed... ." The trial court should have enforced the agreement. We hold that it erred in denying FHLMC's motions.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The agreement states as follows:

3. Interim Payments. Between and including July 1, 1991 and the first day of the month in which the sale of the Mortgaged Properties is closed, Molko shall pay to FHLMC the sum of $31,975.20 per month. Each such interim payment shall be due, owing and payable on the seventh day of each month, beginning July 7, 1991... .
(emphasis supplied).