HAZOURI, J.
James Norman (Norman) appeals from the denial of his motion for entry of a final judgment and his motion to tax costs at the conclusion of a jury trial. We treat the appeal as a petition for writ of mandamus. This appeal arises out of a personal injury case that has a somewhat tortured history. This case was before this court following its first trial and was remanded for a new trial. See Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA 1996). Upon remand, a second trial was conducted which ended in a mistrial. A third trial was held which is the subject of this appeal. The jury returned a verdict finding both Norman and Gloria Farms, Inc. 50 % negligent. Damages awarded were itemized as follows:
Past lost earnings or earning ability $ 21,000.00
Past medical expenses 27,050.83 Future earning ability (100,000 over 25 years) 4,000.00
Future medicals (100,000 over 35 years) 100,000.00
Pain and suffering-past 10,000.00
Pain and suffering-future 0.00
Loss of consortium 0.00
After the verdict was published and the jury was polled, but prior to the discharge of the jury, both parties contended that the verdict was flawed. Norman argued that the verdict was inconsistent and should be sent back to the jury for reconsideration. Gloria Farms, Inc. also contended that the verdict was flawed, but for different reasons, and objected to it being resubmitted to the jury.
While the jury was sequestered and pri- or to the trial court making a ruling, the parties decided to confer outside the presence of the trial court to see if an agreement could be reached. Following this consultation, the parties returned to the courtroom and announced that an agreement had been reached. Thereafter, the trial court discharged the jury. Several months later Norman filed a motion for final judgment and a motion to tax costs. A hearing was held on July 29, 1998, and the trial court entered an order denying the motions stating “[t]he basis for this denial is that the parties reached an $81,025.42 binding compromise settlement agreement which was approved by this Court on the record in Okeechobee on March 26, 1998.” The trial court concluded that the agreement did not contemplate the entry of a judgment based on the verdict but was merely a settlement of a disputed claim.
Norman argues that the parties agreed to accept the verdict, that this agreement was clear and unambiguous, and that there was no agreement to enter an order of dismissal or waive his right to recover costs. The parties agree that the only record evidence as to what constituted the agreement that the trial court had to consider was what was stated by the parties just prior to the discharge of the jury. The following contains the totality of the agreement:
*1064 MR. REYNOLDS (Plaintiffs counsel): Your Honor, I have received from defense counsel an agreement to accept the verdict on its face with the total damages to the Plaintiffs of $162,050.83, with the finding of s%o fault between the Plaintiff, James Norman, and Gloria Farms. Obviously, in the situation with Tyleia Norman [the wife] not being awarded anything by the jury, rather than confusing the issue by trying to send this jury back and have them award or not award or refuse to award, I’ve been authorized by my clients to accept that offer by the Defendant with the agreement between both James and Tyleia Norman to have the Court, you, Judge Geiger, decide what, if any, portion of the verdict should be allocated to Tyleia Norman. And I would simply request that both of my clients affirm that on the record. If that’s acceptable to the Court.
THE COURT: Well, it’s hard for me not to ratify that if that’s what the parties want to do. „Mr. Norman, is that what you want to do then to resolve the issue here?
MR. NORMAN: Yes, sir.
THE COURT: And, Mrs. Norman, is that what you want to do then to resolve this issue?
MRS. NORMAN: Yes, Your Honor.
THE COURT: And, Mr. Hayskar, this is your agreement as well?
MR. HAYSKAR (Defense counsel): Yes, sir. This is a strange solution but an agreement.
THE COURT: The agreement then is made on the record. And my understanding of the case law then is that in a case of this type that such an agreement on the record before the court reporter becomes a binding and enforceable agreement. That agreement then is accepted and is binding on the parties. Let’s have the jury come in and let them go. Since the verdict is a monetary decision in the case as between the Plaintiffs and Defendant, I’m just going to tell the jury their verdict is accepted as a matter of finding by the court.
THE COURT: Members of the jury, your verdict is accepted and made a matter of record in this Court.
From the record before the trial court it is clear that the parties’ agreement was to accept the jury’s verdict. The agreement did not say that the parties agreed to settle the case for $81,025.42. Presumably, Gloria Farms, Inc., through its counsel, was aware that Norman would be entitled to a judgment pursuant to the verdict and would be entitled to taxable costs. That agreement was set forth on the record and ratified by the trial court. Settlement agreements are governed by the rules of interpretation of contracts. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Woodfield Plaza, Ltd. By and Through Straub Capital Corp. v. Stiles Const. Co., 687 So.2d 856 (Fla. 4th DCA 1997). If the terms are clear and unambiguous, the express terms of the settlement control. Beltz v. Hazlett, Enterprises, 452 So.2d 1096 (Fla. 2nd DCA 1984). In the present case, the terms of the settlement are clear and unambiguous. The parties agreed to accept the verdict of the jury and, therefore, there was no need for the trial court to attempt to ascertain the intent of the parties. We find that the trial court erred in failing to grant Norman’s motion for entry of a final judgment. On remand, the trial court is directed to enter a judgment on the verdict and hold a hearing to determine taxable costs.
STONE, J„ and STETTIN, HERBERT, Senior Judge, concur.