DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOHAMMAD ABOUMAHBOUB** and **FINANCIAL GROUP OF AMERICA, LLC,** d/b/a **BUY-RITE AUTO SALES,**
Appellants,

v.

**PAUL HONIG,**
Appellee.

No. 4D15-1763

[December 9, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 50-2012CA-016912-AO.

Michele K. Feinzig of Law Offices of Robin Bresky, Boca Raton, for appellants.

Ronnie D. Dykes of Law Office of Ronnie D. Dykes, P.A., Boca Raton, for appellee.

WARNER, J.

Mohammad Aboumahboub and Financial Group of America, LLC appeal the denial of their motion to vacate an ex parte final judgment entered based on their default of payment obligations under a mediated settlement agreement. The trial court abused its discretion in denying the motion to vacate where the appellants proved, without dispute, that appellee, Paul Honig, had filed the ex parte motion for entry of a final judgment even though the appellants had cured the default in accordance with the settlement agreement's terms.

The appellants and Honig entered into a mediated settlement agreement regarding a business dispute. The appellants agreed to pay a settlement sum of $56,000 under a specific payment plan. The agreement's payment schedule contemplated that the entire sum would be paid by November 2014. The agreement included a default cure provision that required Honig to allow the appellants five days, after delivery of a

written notice of default, to remedy any non-payment.  Specifically, the agreement provided:

> In the event DEFENDANTS fail to make any payment when payment is due as required hereunder, the PLAINTIFF shall provide DEFENDANTS *written notice of the default by mail, fax or email at the address provided hereinafter.*  In the event payment is not made or proof of payment provided within five (5) days of *delivery* of notice of non-payment to DEFENDANTS, PLAINTIFF shall be entitled to a Final Judgment against the DEFENDANTS, jointly and severally, on an ex parte basis without further notice or hearing, in the amount of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00) less the amount of all payments made, plus reasonable attorney's fees and costs incurred in obtaining the Final Judgment.  An affidavit of PLAINTIFF shall be sufficient proof as to the DEFENDANTS' default as well as the amounts due and owing hereunder.

(Emphasis added).  This term gave Honig the choice of the method of notice—"mail, fax *or* email." (Emphasis added).  The settlement agreement provided both a specific email address and a physical mailing address for "[a]ll notices" to the appellants.  The default judgment principal amount of $100,000, less payments made, exacted a substantial penalty or liquidated damages above the $56,000 settlement figure.

On March 17, 2014, Honig filed an ex parte Motion for Final Judgment on Default.  The motion alleged that Honig sent a demand letter to the appellants in accordance with the settlement agreement.  He also alleged that the appellants had "failed to pay in accordance with the Agreement and refused to make any further payments."  Attached to the motion was the demand letter; it was addressed as "CERTIFIEDMAIL [sic] RETURN RECEIPT REQUESTED" to the physical address specified in the settlement agreement.  The letter also listed two email addresses, neither of which matched the email address included in the settlement.  The letter notified the appellants of their default and demanded payment of $1,800 to cure within five days, or Honig would file a motion for default judgment pursuant to the settlement provision quoted above.  Also attached to the motion was a certified return request mailing receipt, indicating that the letter was mailed on March 8, 2014, and *delivered* to the appellants on March 10, 2014.  Based upon the motion, the court entered a final judgment on March 25, 2014, for the default amount due, plus attorney's fees and costs.

The appellants moved to vacate the final judgment. They contended that Honig had misrepresented to the court that the default was not cured. After receiving the notice on March 10, the appellants paid the default amount of $1,800 on March 13, 2014. Evidence of that payment was attached to the motion to vacate.[1]

The court held a hearing on the motion to vacate the default. The appellants testified that they received the certified letter on March 10th and made the payment demanded on March 13th. Honig's motion for default judgment was not filed until March 17th, but it neither mentioned that the appellants had made the payment, nor revealed that the $1,800 payment was in the amount of the requested payment. Honig discounted the certified mail notice and testified that his attorney sent the notice to the two email addresses listed in the letter. Although neither of these matched the email address in the settlement agreement, they were addresses that the appellants had successfully used to communicate with Honig.

The appellants argued to the court that the email notices were not sent to the address in the settlement agreement. The certified mail was sent to the correct address and allowed the appellants five days from March 10th to pay the amount required, which they did. Therefore, when Honig filed his motion and affidavit on March 17th, he misrepresented to the court that the appellants had not cured the default. In the motion, Honig had stated that the appellants had failed to pay and "refused" to pay. This was untrue.

Honig also argued that the appellants had failed to comply with two notices of default sent in February, neither of which were mentioned in the motion for final judgment. According to Honig, the appellants were in default from this earlier time, and therefore the final judgment should not be vacated. The court took the matter under advisement and later entered a one-sentence denial of the motion, making no findings. The appellants appeal the order of denial.

The decision in this case is controlled by the interplay between two legal principles, namely that parties have broad discretion in fashioning the terms of a settlement agreement, while provisions in an agreement that permit a court to take ex parte action are strictly and narrowly construed.

---

[1] We omit a discussion of the modified payment schedule and other email addresses the parties used to communicate because we deem these matters to be legally insignificant.

Florida Rule of Civil Procedure 1.540(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) *mistake*, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), *misrepresentation*, or other misconduct of an adverse party . . . .

(Emphasis added). "The standard of review of an order on a rule 1.540(b) motion is whether there has been an abuse of discretion." *Vilvar v. Deutsche Bank Trust Co. Ams.*, 83 So. 3d 853, 854 (Fla. 4th DCA 2011) (citing *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008)). That discretion must be exercised based upon facts ascertainable from the record. *Moss v. State Farm Mut. Auto Ins. Co.*, 328 So. 2d 495, 496 (Fla. 4th DCA 1976).

*Federal Home Loan Mortgage Co. v. Molko*, 602 So. 2d 983 (Fla. 3d DCA 1992), succinctly states the law regarding interpretation of settlement agreements:

> Settlement agreements "are governed by the rules for interpretation of contracts." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). The clear expression of the meaning of a contract may not be modified by court interpretation, *Pafford v. Standard Life Ins. Co.*, 52 So. 2d 910 (Fla. 1951); *BMW of N. Am., Inc. v. Krathen*, 471 So. 2d 585, 587 (Fla. 4th DCA 1985), *review denied*, 484 So. 2d 7 (Fla. 1986); "[i]f the terms are clear and unambiguous, the express terms control." *Avery Dev. Co. v. Bast*, 582 So. 2d 150, 151 (Fla. 4th DCA 1991).

*Id.* at 983. The settlement agreement provided for written notice of default to be sent to the addresses provided in the agreement, and specified that all notices be sent to those addresses. Honig did not send his notice to the email address in the agreement. Rather, his attorney emailed the notice to two other addresses and sent it by certified mail to the physical address listed in the agreement. Only the certified letter complied with the terms of the settlement agreement.

Recognizing this fact, Honig's motion for default final judgment did not mention email service but relied on the return receipt from the certified mail, which was sent to the physical address in the settlement agreement,

4

to establish *delivery* of the notice to the appellants on March 10th. Honig swore that the appellants had not made any payment and refused to make further payments, despite the fact that he had received the specified default payment four days prior to the filing of the motion and within the five-day cure period. This constituted a misrepresentation which should have resulted in the vacation of the final judgment. The trial court abused its discretion in denying the motion when the facts from the record conclusively established the misrepresentation.

At the hearing, Honig backed away from his motion for final judgment by claiming, alternatively, that he relied on the email of the notice to addresses other than the one contained in the settlement agreement. The email was sent on March 6th and thus required a cure of the default by March 11th. However, for the court to rely on either email address to conclude that notice was sufficient would contravene the express terms of the agreement. The court cannot modify the express terms of the agreement. *Molko*, 602 So. 2d at 983. Also, even using March 6th as the date of email delivery, the five-day cure period would have expired on March 11th, the day after the certified letter was delivered. At the very least, the appellants would have a case of mistake or excusable neglect when they measured the time to cure from the date of delivery of the certified letter, which complied with the terms of the agreement, rather than the March 6th date, which was based on the use of email addresses not contained in the settlement agreement.

This was, after all, an ex parte motion for entry of final judgment. Due process requires strict compliance with any agreement that permits the entry of an ex parte judgment. Entry of ex parte orders are very much disfavored in the law. This is one lesson of *Fricker v. Peters & Calhoun Co.*, 21 Fla. 254 (1885). There, the Florida Supreme Court described the rule requiring notice to a defendant before an application for a receiver as "very strict," subject to narrow exceptions such as "in a case of grave emergency, demanding the immediate interference of the court for the prevention of irreparable injury." *Id.* at 256-57; *see also* Fla. R. Civ. P. 1.610(a)(1) (concerning temporary injunctions without notice); *Mercy Lu Enters., Inc. v. Liberty Mut. Ins. Co.*, 681 So. 2d 758, 759 (Fla. 4th DCA 1996) (observing that "[d]ue process values" require "strict compliance with the statutory requirements" of substituted service of process). Where strict compliance with the notice terms of an agreement is not observed, the ex parte judgment must be vacated.

For these reasons, the trial court abused its discretion in denying the motion to vacate the default final judgment. We reverse and remand for the vacation of the judgment.

GROSS and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***