DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK STUCKY** and **MARIO CERESA,**
Appellants,

v.

**BMW OF NORTH AMERICA, LLC,**
Appellee.

No. 4D2023-1596

[July 3, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes and Carolyn Bell, Judges; L.T. Case No. 502020CA004658.

Colin Richards, West Palm Beach, for appellants.

Daniel A. Rock and Patrick M. Bailey of Bowman and Brooke LLP, Coral Gables, for appellee.

GROSS, J.

The plaintiffs below challenge a final order of dismissal of their lawsuit, but their appeal runs aground on the rules of civil and appellate procedure.

Mark Stucky and Mario Ceresa (collectively, "plaintiffs") appeal a final order dismissing their claims against appellee BMW of North America, LLC, and an order denying their motion to vacate that order of dismissal pursuant to Florida Rule of Civil Procedure 1.540(b). This court is without jurisdiction to address the merits of the final order of dismissal, and we affirm the denial of relief under rule 1.540.

In 2017, Ceresa purchased a new BMW i3. The car was equipped with an "ACC Stop & Go and Active Driving Assistant" that could automatically slow down or fully brake to avoid collisions.

In 2018, while driving the BMW, Stucky rear-ended another vehicle.

Plaintiffs filed a complaint in the circuit court in 2020 raising three products liability related causes of action arising from the performance of the Driving Assistant. BMW removed the case to federal court, where it moved to dismiss for failure to state a cause of action. The district court granted the motion and ordered that plaintiffs file an amended complaint.

Plaintiffs' amended complaint asserted five counts. On BMW's motion, the district court dismissed the complaint without prejudice for plaintiffs to file another amended complaint.

Plaintiffs' second amended complaint failed to allege damages above the threshold for invoking federal jurisdiction. On their motion, the case was remanded to the Florida circuit court. There, BMW moved to dismiss the second amended complaint for failing to remedy the pleading deficiencies that prompted the two earlier dismissals. Plaintiffs then asked for leave to file a third amended complaint; the trial court granted their motion, but the order stated that "[a]bsent good cause being demonstrated, no further amendments to the Complaint will be permitted."

Plaintiffs filed their third amended complaint on July 8, 2022. BMW again moved to dismiss for failure to rectify the deficiencies in the prior complaints. The circuit court held a hearing on the motion. Judge Kastrenakes explained to the plaintiffs' attorney that the complaint failed to plead sufficient facts; he granted the motion to dismiss without prejudice, but warned the attorney that he would allow "one more chance to plead this with ultimate facts." At plaintiffs' request, Judge Kastrenakes allowed thirty days to file a fourth amended complaint. Four days later, on December 12, 2022, the court entered a written order reflecting its oral pronouncement.

Plaintiffs did not file a fourth amended complaint by the January 11, 2023 deadline.

Thirty-seven days after the deadline, on February 17, 2023, plaintiffs moved for an extension of time to file the amended complaint. They requested an additional fourteen days. They specified no factual basis for the request. During that fourteen-day period, plaintiffs neither set the motion for hearing nor filed a fourth amended complaint.

Fifty-six days after the deadline to file the fourth amended complaint, on March 8, 2023, Judge Bell *sua sponte* entered a final order of dismissal based on plaintiffs' failure to file the complaint in the "almost ninety (90) days" since Judge Kastrenakes's December 12 order.

On March 9, plaintiffs moved to set aside the order of dismissal "[p]ursuant to Fla. R. Civ. P. 1.540" and referenced facts suggesting "excusable neglect." To their rule 1.540 motion, plaintiffs attached a proposed fourth amended complaint. BMW filed a response in opposition, pointing to a facial deficiency in the motion and an absence of excusable neglect.

On April 3, 2023, plaintiffs filed an amended motion to vacate the order of dismissal. That motion asserted dismissal was too extreme a sanction and raised a claim of a failure of notice prior to the dismissal.

At a May 16, 2023 hearing on the plaintiffs' motions, Judge Bell explained that the matter before the court was a rule 1.540 motion involving plaintiffs' claim for excusable neglect. Finding no excusable neglect, on May 30, 2023, she denied the amended motion to vacate.

On June 29, 2023, plaintiffs filed a notice of appeal.

### This Court is Without Jurisdiction to Review the March 8, 2023 Order of Dismissal on the Merits

"Jurisdiction of the court under this rule shall be invoked by filing a notice . . . with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.110(b) (2023). "Only the narrow list of motions under Florida Rule of Appellate Procedure 9.020(h)(1) postpone rendition of a final order and toll the time for filing a notice of appeal." *Lanson v. Reid*, 314 So. 3d 279, 280 (Fla. 3d DCA 2019).

The dismissal order was entered on March 8, 2023. Plaintiffs did not move for rehearing pursuant to Florida Rule of Civil Procedure 1.530. Instead, they filed a motion to vacate pursuant to Rule 1.540(b).

The rule 1.540(b) motion did not extend the time to file a notice of appeal. Rule 1.540(b) states that "[a] motion under this subdivision does not affect the finality of a judgment, decree, or order or suspend its operation." Fla. R. Civ. P. 1.540(b)(5). Thus, as the Third District recognized in *Parkhomchuck v. AIY, Inc.*, 338 So. 3d 397, 400 (Fla. 3d DCA 2022), a rule 1.540 motion does not toll the time for filing a notice of appeal.

To the extent that the April 3 amended motion can be construed to be a rule 1.530 motion for rehearing, it was untimely because it was filed outside the 15-day period for filing a motion for rehearing. *See* Fla. R. Civ. P. 1.530(b). An untimely motion for rehearing does not "toll the rendition

3

of the final order for purposes of seeking" an appeal. *Miles v. State*, 89 So. 3d 967, 967 (Fla. 1st DCA 2012); *Audi v. Fed. Nat'l Mortg. Ass'n*, 685 So. 2d 102, 103 (Fla. 4th DCA 1997) (holding that an untimely motion for rehearing does not suspend rendition of final order); *Reid v. Cooper*, 955 So. 2d 31, 32 (Fla. 3d DCA 2007) (characterizing an untimely filed motion for rehearing as a "nullity").

We reject plaintiffs' argument that its initial rule 1.540 motion should be construed as a rule 1.530 motion for rehearing. Neither the March 9 motion nor the amended April 3 motion reference rule 1.530 or even the word "rehearing." The March 9 motion was expressly filed under rule 1.540 and contained arguments related only to that rule; that motion "lacks the pleading specificity required in a motion for rehearing." *Catsicas v. Catsicas*, 669 So. 2d 1126, 1127 (Fla. 4th DCA 1996) (in rejecting appellant's argument that a motion for extension amounted to a motion for rehearing, court observed that "[c]alling a cat a dog will not make it bark"). Because the March 9 motion was not filed as a motion for rehearing, plaintiffs cannot take advantage of rule 1.530(b), which allows an amended motion to relate back to a timely filed motion under that rule.

As the Third District observed in *Balmoral Condominium Ass'n v. Grimaldi*, 107 So. 3d 1149, 1150 (Fla. 3d DCA 2013), "[t]his case illustrates the danger of conflating the very different approaches to rehear or vacate final orders provided by rules 1.530 and 1.540." "Litigants intermingle the provisions of these rules at their risk." *Id.* at 1151.

For these reasons, the June 29 notice of appeal was untimely insofar as it seeks to address the merits of the March 8 dismissal order. We therefore dismiss that portion of the appeal directed at the merits of the March 8 order of dismissal.

Finally, this record demonstrates no abuse of discretion in the trial court's denial of rule 1.540 relief. *See Aboumahboub v. Honig*, 182 So. 3d 682, 684 (Fla. 4th DCA 2015).

*Affirmed in part, dismissed in part.*

KLINGENSMITH, C.J., and FORST, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4